■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES EDWARD BRANCH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 31, 1968, convicting him of robbery in the first degree, grand larceny in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. In our opinion it was prejudicial error to permit the prosecutor to question defendant about two other similar crimes allegedly committed by him and for which he had been indicted but not yet tried, since on this record it seems clear that the intent of those questions was not to impeach his credibility but rather to show that he had a propensity to commit the crime for which he was on trial (*People* v. *Johnson*, 31 A D 2d 842; see, also, *People* v. *McKinney*, 24 N Y 2d 180, 184; *People* v. *Zackowitz*, 254 N. Y. 192, 197; *People* v. *Brown*, 265 App. Div. 153, 157). It was also error to permit a police officer to read into evidence a pretrial statement made by an accomplice who testified at the trial for the People, since (a) the pretrial statement was consistent with the accomplice's trial testimony; (b) the accomplice's trial testimony had been attacked on cross-examination, not as a *recent* fabrication, but as a falsehood concocted before the consistent pretrial statement was given to the police in order to gain favorable treatment for the accomplice from the prosecutor; and (c) the pretrial statement consequently was not made before a motive to falsify arose or at a time when there was no motive to falsify (cf. *Ferris* v. *Sterling*, 214 N. Y. 249; *People* v. *Singer*, 300 N. Y. 120; which cases held that a prior consistent statement may be used to bolster trial testimony attacked as a recent fabrication, if the prior statement was made at a time when there was no motive to falsify). Nor can we say, on this record, that this error

was harmless beyond a reasonable doubt (see *People* v. *McKinney*, 24 N Y 2d 180, 185, *supra*). Finally, we believe the record is too sparse, with respect to the showing of pictures to two of the main prosecution witnesses before they made lineup identifications of defendant, for us to determine whether the showing of the pictures met the standards of *Simmons* v. *United States* (390 U. S. 377). Further proof on that point is desirable to enable the trial court properly to evaluate the propriety of the picture-showing in light of the totality of the circumstances (*Simmons* v. *United States, supra; Stovall* v. *Denno*, 388 U. S. 293, 302). And, if upon fuller disclosure of these facts it appears that the *Simmons* standards were not met, it may then be incumbent upon the trial court to determine whether the impermissible picture-showing tainted the lineup identifications and the subsequent identifications at trial. Christ, Acting P. J., Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur.