THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHNNIE FAIR, Appellant.—

Concur — Stevens, P. J., Eager and Nunez, JJ.; McGivern and McNally, JJ., dissent in the following memorandum by McNally, J.: I would affirm the judgment of conviction. Cross-examination of the defendant was well within the bounds set out in *People* v. *Alamo* (23 N Y 2d 630). The Assistant District Attorney presented to the trial court fully and fairly the basis for his cross-examination of the defendant relative to the Marcus and Ferrusa incidents. The trial court found and the record fully substantiates the cross-examination was conducted upon a good-faith factual basis. I am aware that the Court of Appeals will not review a criminal case where the Appellate Division reverses and in the interest of justice directs a new trial. (*People* v. *Campbell*, 25 N Y 2d 784; *People* v. *Rossi*, 11 N Y 2d 787, 788; *People* v. *Mendola*, 2 N Y 2d 270, 274; *People* v. *Redmond*, 225 N. Y. 206, 208; Cohen and Karger, Powers of the Court of Appeals [rev. ed.], p. 754.) I have grave doubts as to the reversal here in the interest of justice. It would seem to me the reversal in the instant case is one on law. I find no basis in the record for a reversal in the interest of justice and the majority in my opinion based the reversal solely on the alleged improper cross-examination.