THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RODNEY THOMAS, Also Known as JOSEPH HARLEY, Appellant.— Judgment, Supreme Court, New York County, rendered December 17, 1971, convicting defendant of possession of a weapon as a felony, reversed, on the law and the facts, and a new trial directed. While driving a recently borrowed automobile, defendant was stopped by two police officers who noticed that the car's brake lights were not operating properly. While talking to defendant about the condition of the lights, one of the police officers saw part of a pistol protruding

from beneath the driver's seat. Defendant denied any knowledge of the weapon. He has been convicted after trial of the crime of possession of that pistol. The conviction rests largely, if not solely, on subdivision 3 of section 265.15 of the Penal Law which states that the presence in an automobile of a firearm is presumptive evidence of its possession by all persons in the vehicle. On this record we find that defendant's extensive cross-examination about the underlying facts of his admitted prior convictions involving firearms exceeded the proper limitations of testing his credibility (*People* v. *Sorge,* 301 N. Y. 198; *People* v. *Schwartzman,* 24 N Y 2d 241) and invaded the forbidden area of establishing defendant's propensity to possess weapons, the crime for which he was tried and convicted. (*People* v. *Johnson,* 31 A D 2d 842; *People* v. *Moore,* 20 A D 2d 817.) In summation, the prosecutor told the jurors that if the owner of the car in which the gun was found had been called as a witness, he would have testified that the gun belonged to the defendant. While conceding the impropriety of this statement, the District Attorney urges us to treat it as harmless error. This we cannot do. This conceded error, coupled with the impermissible cross-examination above referred to, deprived the defendant of a fair trial in this close case where the People must rely upon the statutory presumption to establish possession and where defendant has steadfastly denied any knowledge of the existence of the pistol in the car. Concur — Nunez, Murphy, Tilzer and Capozzoli, JJ.; McGivern, J. P., dissents in the following memorandum: I would affirm. This defendant was the only occupant of the car. The car was in his complete control and possession for some two hours. And the officer, by a mere glance from the roadway, instantly described the revolver. If it was so easily apparent to the officer, it is inconceivable the defendant did not know of the presence of the gun. The jury has so found. But the majority would reverse the jury's verdict for two reasons: 1. The majority find that the District Attorney exceeded the ground rules when he overexamined the defendant concerning five previous past convictions. Let us see. *The defendant himself, on direct examination,* admitted having been convicted of a) burglary, b) disorderly conduct, c) felonious assault in the second degree, d) possession of a weapon, and e) possession of a hypodermic instrument. Now, the right of the District Attorney to inquire about these prior criminal acts is elementary. In this case, it turned out some of the convictions also involved guns; and, of course, these developments tended to discredit the story of the defendant that he had no knowledge of the presence of a gun on the night of his arrest. Yet, because of this, the majority conclude that the prosecutor "invaded the forbidden area of establishing defendant's propensity to possess weapons". On this conclusion, I respectfully differ because the holding of the majority throttles the District Attorney from a recognized right to examine into past misdeeds, shields the defendant from a revelation of his malefactions, and needlessly tilts in favor of the defendant. The Court of Appeals in *People* v. *Sorge* (301 N. Y. 198, 200) said: "It does not matter that the offenses or the acts inquired about are similar in nature and character to the crime for which the defendant is standing trial. (See *People* v. *Jones, supra,* 297 N. Y. 459: murder prosecution, defendant interrogated as to another murder; *People* v. *Brown, supra,* 284 N. Y. 753: murder prosecution, defendant interrogated as to another murder; *People* v. *Alex,* 279 N. Y. 766: murder prosecution, defendant interrogated as to another murder; *People* v. *Madison,* 3 Cal. 2d 668, 678: murder prosecution, defendant interrogated as to assault with gun; *State* v. *Palko,* 121 Conn. 669, 678–679: murder prosecution, defendant interrogated as to subsequent robbery.) And if the questions have

basis in fact and are asked by the district attorney in good faith, they are not rendered improper merely because of their number. Entitled to delve into past misdeeds, the prosecutor may not arbitrarily be shackled by the circumstance that the defendant has pursued a specialized field of crime and has committed many offenses. (See, e.g., *People* v. *Brown, supra,* 284 N. Y. 753; cf. *People* v. *Goldstein,* 295 N. Y. 61, 65; *People* v. *Thau,* 219 N. Y. 39, 42.)" Further, I know not by what marvelous divination or powers of psychoanalysis the majority decide that the true purpose of the District Attorney was to prove "propensity". The best Judge of this was the Trial Judge. "'The judge must decide each time whether the other instance or instances form a basis for sound inference as to the guilty knowledge of the accused in the transaction under inquiry; that is all that can be said about the matter.' Professor Wigmore, in his work on Evidence (Vol. 1, §§ 324 to 327) takes the same view." (*People* v. *Marino,* 271 N. Y. 317, 324.) And in the instant case, the Trial Judge found otherwise. After the trial, he also had occasion to observe that it did not appear to him as he heard the case that the People examined the defendant for the purpose of showing his propensity to commit crimes, but merely to test his credibility and attack his credibility (opinion of Lane, J., dated Dec. 17, 1971). Indeed, as Justice Lane found "All but one of the crimes indicated were dissimilar to the crime charged in the indictment. The one similar crime (as well as several dissimilar ones) had already been brought out by the defendant himself prior to cross-examination. The questions, therefore, posed by the Assistant District Attorney were entirely proper." This finding on the part of the Trial Judge was within his discretion. "The nature and extent of cross-examination is subject to the sound discretion of the Trial Judge (*Langley* v. *Wadsworth,* 99 N. Y. 61, 63.)" (*People* v. *Schwartzman,* 24 N Y 2d 241, 244.) An appellate court should hesitate to say he abused this discretion. For unless this appellate court can substantiate a conclusion of bad faith on the part of the District Attorney, his inquiry as to the underlying facts of prior acts of misconduct is allowable. (*People* v. *Johnson,* 27 N Y 2d 119, 123.) Lastly, the Trial Judge, in his charge to the jury, was careful to point out the examination into past criminal acts related only to credibility. 2. The majority would also reverse because the District Attorney blemished his summation by a reference to what the owner of the car would have testified to had he been called. But there was no objection interposed; nor was there a request made for curative instructions. Thus, this point had not been preserved for a review. (CPL 470.05; *People* v. *Simons,* 22 N Y 2d 533, 541.) And neither the record on this appeal nor the probation report require that in the interests of justice the failure to take an exception to the claimed error be disregarded, or that the sentence be modified. To the contrary, his probation report indicates he is completely unreconstructible and that only jail will deflect him from "the way of the transgressors". And since the proof of guilt is clear, convincing and all one way, it is unrealistic and counterproductive, in a day of urban crime and overburdened calendars, to order a new trial and undo months of police work and preparation by the District Attorney, all because of a few unpremeditated words of prosecutorial zeal uttered by a young assistant driving home his summation. This was the view of the U. S. Court of Appeals for the Second Circuit (*United States* v. *White,* 486 F. 2d 204, 206–207) : "Although the prosecutor's comments were ill-conceived, reversal is not warranted here if we view his conduct, as we must, in the context of the entire trial (United States v. Socony-Vacuum Oil Co., 310 U. S. 150, 239, 242, 60 S. Ct. 811, 84 L. Ed. 1129 (1940). United States v. Berger, 295 U. S. 78, 85, 89, 55 S. Ct. 629, 79 L. Ed. 1314 (1935) ; United States

v. Benter, 457 F. 2d 1174, 1178 (2d .Cir.) cert. denied 409 U. S. 842, 93 S. Ct. 41, 34 L. Ed. 2d 82 (1972); United States v. Grunberger, 431 F. 2d 1062, 1069 (2d Cir. 1970). Proof of guilt was clear and convincing. The verdict was ensured by the defendant's words, and not the prosecutor's." Accordingly, I would affirm.