THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SANTIAGO, Appellant.

First Department, May 1, 1975

*Rowan Peter Kirchheimer* of counsel *(Steven Lloyd Barrett* with him on the brief; *William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Jared J. Scharf* of counsel *(Mario Merola, District Attorney),* for respondent.

LUPIANO, J. This is an appeal from a judgment of the Supreme Court, Bronx County, rendered on April 27, 1973, convicting defendant, after a jury trial, of three counts of criminally selling a dangerous drug in the third degree and, after a guilty plea, of one count of criminally selling a dangerous drug in the third degree and one count of criminal possession of a dangerous drug in the third degree. No issue is raised by defendant relevant to his plea convictions and no showing is made which warrants disturbing same.

The charges which were the subject of the trial relate to three alleged sales of cocaine made by defendant to an undercover police officer who was operating with a backup team. The sales took place on September 8, 11 and 12, 1972, in or near Franz Segal Park in the vicinity of the Bronx County Supreme Court building. According to the undercover officer, defendant sold him cocaine on these dates. Although members of the backup team testified to the surrounding events and placed defendant at the scene of the sales, none was able to state that he actually saw the exchange of money for cocaine. After each purported sale, the undercover officer rendezvoused with the backup team and showed them the substances purchased which field tests disclosed to be cocaine. Defendant, his

wife and a friend testified for the defense. It was defendant's contention that he never sold any narcotics to the undercover officer.

On appeal, defendant submits that his conviction after trial is tainted by improper cross-examination of defendant. At the time of trial, the indictments to which defendant subsequently entered his pleas of guilty, were pending. As noted above, these indictments related to alleged sales of narcotics to different police officers on September 13 and 18, 1972, and to defendant's alleged possession of cocaine and marijuana in his apartment on the day of his arrest, September 22, 1972. In *People v Sandoval* (34 NY2d 371, 376), it was aptly observed that "in the fact-finding process, the function, in cross-examination, of evidence of a defendant's prior criminal, vicious or immoral acts (unless such evidence would be independently admissible to prove an element of the crime charged) is solely to impeach his credibility as a witness *(People v Webster,* 139 NY 73; Richardson, Evidence [10th ed], § 498). From the standpoint of the prosecution, then, the evidence should be admitted if it will have material probative value on the issue of defendant's credibility, veracity or honesty on the witness stand. From the standpoint of the defendant, it should not be admitted unless it will have such probative worth, or, even though it has such worth, if to lay it before the jury or court would otherwise be so highly prejudicial as to call for its exclusion. The standard—whether the prejudicial effect of impeachment testimony far outweighs the probative worth of the evidence on the issue of credibility—is easy of articulation but troublesome in many cases of application."

Scrutiny of the record discloses that the prosecutor in initiating cross-examination respecting the alleged sale of narcotics on September 13, 1972, specifically referred to the sale as occurring in Franz Segal Park, the same location averred as the scene of the crimes for which defendant was being tried. This conduct was repeated by the prosecutor with respect to the alleged narcotic sale on September 18, 1972. In both instances the prosecutor also elaborated the questioning by explicit reference to the time of day these sales occurred, which time of day coincided with the time of the sales for which defendant was being tried. Next, the prosecutor launched into a series of questions about defendant's alleged possession of narcotics in his home on September 22, 1972. Reference was pointedly made to the alleged discovery of

narcotics on the inner door of the refrigerator in the apartment, the amount and variety of the narcotics, the discovery of additional described drugs in the refrigerator, the existence of a breakfront in the apartment and the presence of a quantity of cannabis in the apartment. To all of this detailed inquiry, defendant answered in the negative. Objections vigorously urged by defense counsel to this cross-examination were overruled. The nature and fashion of the cross-examination delineated above impels the conclusion that it overstepped the bounds of propriety and was aimed at showing defendant's propensity to sell and possess narcotics. The Court of Appeals in *People v Sandoval (supra,* pp 377–378) also stated that "from another aspect, cross-examination with respect to crimes or conduct similar to that of which the defendant is presently charged may be highly prejudicial, in view of the risk, despite the most clear and forceful limiting instructions to the contrary, that the evidence will be taken as some proof of the commission of the crime charged rather than be reserved solely to the issue of credibility. Thus, in the prosecution of drug charges, interrogation as to prior narcotics connections (unless proof thereof is independently admissible) may present a special risk of impermissible prejudice because of the widely accepted belief that persons previously convicted of narcotics offenses are likely to be habitual offenders *(United States v Puco,* 453 F2d, at p 542, n 9)." It is beyond cavil that the cross-examination engaged in on this record tested defendant's credibility to some degree. However, this fact cannot ameliorate the prejudice suffered by defendant in the nature and manner of the cross-examination which of necessity tended and indeed appears to have been calculated to show that defendant was a regular drug trafficker and had a propensity to sell and possess drugs, specifically cocaine. It is of no moment that, in the instant case, the prosecutor was questioning defendant about drugs in pending indictments and was bound by the latter's negative answers. The effect was to present defendant as a systematic drug offender under circumstances which stress the similarity between the crimes for which defendant was being tried and the crimes charged in the other pending indictments. "Stated as a basic, a defendant who chooses to testify may be cross-examined concerning any immoral, vicious or criminal acts of his life which have a bearing on his credibility as a witness, *provided the cross-examiner questions in good faith* and upon a reasonable basis in fact *(People v Kass,* 25 NY2d 123, 125–126; *People v*

*Schwartzman,* 24 NY2d 241, 244, cert den 396 US 846; Richardson, Evidence [Prince-10th ed], § 498). At the same time, the law is *inflexibly set* against questioning as to such acts when *the obvious intent* is to show from character or experience a propensity to commit the crime for which defendant is on trial *(People v Schwartzman, supra,* p 247; *People v Russell,* 266 NY 147, 152; *People v Zackowitz,* 254 NY 192, 197; *People v Molineux,* 168 NY 264, 291–293; *People v Johnson,* 31 AD2d 842)." *(People v Duffy,* 36 NY2d 258, 262; (emphasis supplied.) On the present record, it is patent that the intent of the questioning was to show a propensity to commit the crime for which defendant was on trial, rather than to reveal a disposition or willingness on his part to place self-interest ahead of principle and society (cf. *People v Duffy, supra).* Thus, the extensive cross-examination as noted above exceeded the proper limitations for testing defendant's credibility and mandates a new trial (see ·*People v Thomas,* 43 AD2d 547).

To reiterate, it is not the mere fact that the cross-examination related to alleged crimes similar to that of which the defendant is charged which rendered the cross-examination improper. It is the specificity, the manner of the cross-examination, which admits of calculation to show in related fashion that the commission of the prior crime warrants concluding that the crime charged was committed, which constitutes impropriety on this record.

Accordingly, the judgment of the Supreme Court, Bronx County (WARNER, J.), rendered April 12, 1973, should be modified, on the law, by reversing said judgment insofar as it convicted defendant, upon a jury verdict, of three counts of criminally selling a dangerous drug in the third degree, and a new trial ordered on those counts, and as so modified, the judgment should be affirmed.

STEVENS, P. J., MARKEWICH, KUPFERMAN and NUNEZ, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on April 12, 1973, unanimously modified, on the law, by reversing said judgment insofar as it convicted defendant, upon a jury verdict, of three counts of criminally selling a dangerous drug in the third degree, and a new trial directed on those counts, and as so modified, the judgment is affirmed.