■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY REYES, Appellant.—Judgment, Supreme Court, New York County, rendered April 26, 1972 after a jury trial, convicting defendant of robbery in the first degree, burglary in the second degree, possession of burglar's tools, possession of a weapon as a felony, and petit larceny, unanimously reversed, on the law and the facts, and the case remanded for a new trial. The complaining witness testified that the defendant, after entering her apartment unnoticed, knocked her down and placed a shirt over her head in order to obstruct her vision. Prior to the shirt being placed over her head, the witness had opportunity to observe the defendant's physical features as well as the clothing he was wearing. After the shirt was over her head, the defendant continually talked and the witness noted that defendant spoke in a slow monotone. Defendant robbed and raped the complainant. Defendant was arrested approximately one month later and identified by the complainant during a police lineup, both by a physical identification as well as a subsequent voice identification. The monotone in which defendant spoke was immediately recognized by the complainant. The defendant had been indicted for another attack on another female which occurred just a few days before he was arrested. The *modus operandi* in this second crime was substantially identical to the crime perpetrated in the case at bar. After a hearing, the motion to suppress the physical and voice identification of the defendant was denied and the trial in the case at bar commenced. Defendant testified on his own behalf. On cross-examination, the Assistant District Attorney asked defendant if he had perpetrated this second crime, mentioning the name of the complainant in the second case, as well as the factual details. Defendant, it must be recalled, had been indicted for, but not convicted of, this second crime. Defendant denied any nexus with this second attack. The cross-examination as to the factual details of this second crime for which defendant was indicted, but not convicted, constitutes reversible error. Though the defendant denied committing the acts in question, it is clear that the questions had but one purpose and one effect on the jury; namely, showing of defendant's propensity to commit crimes of a similar nature. Such cross-examination is interdicted *(People v Sandoval,* 34 NY2d 371; *People v Branch,* 34 AD2d 541, affd 27 NY2d 834; *People v McKinney,* 24 NY2d 180). Under the circumstances, defendant is entitled to a new trial. We have reviewed the other allegations of error and found them to be without merit. Concur—Markewich, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.