■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WESTON, Appellant.—Judgment reversed, on the law and facts, and new trial granted. Memorandum: In this appeal from his conviction of burglary,

robbery, rape and possession of a weapon defendant urges three grounds for reversal. His first contention is that the trial court erred in permitting the prosecutor to cross-examine him concerning certain prior convictions and two offenses for which indictments were pending at the time of the instant trial. After a pretrial *Sandoval (People v Sandoval,* 34 NY2d 371) hearing the court ruled that if defendant testified the prosecutor could use a 1970 conviction for criminal trespass and possession of burglary tools to impeach defendant's credibility. The trial court rejected defendant's argument that the prosecutor's intent in using the conviction was to show from character or experience a propensity to commit the crime for which the defendant was being tried. Defendant renewed his *Sandoval* motion after the close of the People's case, having learned that the prosecutor intended to cross-examine him on two similar episodes of burglary, robbery and rape which he allegedly committed two weeks prior to the instant trial. Defendant had been indicted for these offenses and had pleaded not guilty. The prosecutor stated that he did not intend to question about the rapes, but only about the robberies and burglaries which he argued would "show a disposition on the part of the defendant not to be credible". The defendant requested that the questioning be disallowed because it was obvious, in light of his not guilty pleas, that the defendant would deny the incidents. The trial court ruled that the prosecutor could interrogate about all other robbery and burglary charges. Defendant took the stand and the prosecutor examined him at length and in detail about the untried indictments, and the defendant denied his participation in those alleged crimes. He did, however, admit that he lived in the neighborhood of one of the victims. While the questioning regarding the two other women did not disclose to the jury that they were raped, it did reveal a close proximity of time and place to the crime being tried, and an obvious similarity of *modus operandi.* We recognize that "a defendant who chooses to testify may be cross-examined concerning any immoral, vicious or criminal acts of his life which have a bearing on his credibility as a witness, provided the cross-examiner questions in good faith and upon a reasonable basis in fact *(People v. Kass,* 25 N Y 2d 123, 125–126; *People v. Schwartzman,* 24 N Y 2d 241, 244, cert. den. 396 U. S. 846; Richardson, Evidence [Prince—10th ed.], § 498)." *(People v Duffy,* 36 NY2d 258, 262.) However, the cross-examination in the instant case exceeded the limitations of "good faith" and "reasonable basis". While the court properly granted permission to cross-examine defendant as to the "facts" of these prior acts, it improperly allowed the prosecution, over the objection of the defendant, to question him as to the underlying circumstances of these events. The net result of this extensive questioning was to establish a *modus operandi* with respect to the prior acts and the charges for which the defendant was on trial. This clearly did not pertain to the issue of defendant's credibility but rather tended to show defendant's propensity to commit this type of crime. We must bear in mind that identity was not in issue in the instant case; the defendant readily admitted that he was with complainant on the night in question. As we stated in *People v Reingold* (44 AD2d 191, 196) the questioning "serve[d] no other purpose but to show an inclination or tendency on the part of the defendant to commit the crimes for which he was on trial". Since *Reingold* the Court of Appeals has reaffirmed the principle that immoral, vicious or criminal acts may not be explored "when the obvious intent is to show from character or experience a propensity to commit the crime for which the defendant is on trial" *(People v Duffy,* 36 NY2d 258, 262, *supra;* see, also, *People v Branch,* 27 NY2d 834, affg 34 AD2d 541; *People v Reyes,* 48 AD2d 632; cf. *People v Porter,* 47

AD2d 908). Some of the prosecutor's remarks in his summation might well be termed, as claimed by the defendant, "inflammatory and intimidating". If this were the only ground urged by defendant for reversal, we would not find that the prosecutor's excesses were so prejudicial as to justify the granting of a new trial. However, upon the retrial the prosecutor should not put his personal credibility behind his statements and make himself an "unsworn witness" (People v Lovello, 1 NY2d 436, 438–439). We find no merit in defendant's other contentions. All concur, Dillon, J. not participating. (Appeal from judgment of Erie County Court convicting defendant of burglary, first degree and other charges.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.