■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY HEPBURN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered March 25, 1975, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No determination has been made with respect to the facts. Defendant stands convicted upon the testimony of Timothy Burns, an undercover investigator with the Westchester County Sheriff's office, who testified that on two separate occasions during August, 1974 he purchased two glassine envelopes containing heroin from the defendant. The transactions allegedly occurred near the corner of Fourth Avenue and Third Street in the City of Mount Vernon, New York. The only other witness to testify was a chemist attached to the Sheriff's office, who testified that the packets did indeed contain heroin. Defendant chose not to testify; his efforts to call a captain in the City of Mount Vernon Police Department as a witness were frustrated by the trial court, which first required defendant to make an offer of proof, and then refused to let the witness be sworn. This ruling constituted reversible error, as it is well established that the right to present evidence by witnesses of one's own choosing is a fundamental ingredient of due process (see *Jenkins v McKeithen,* 395 US 411, 429), and that, absent a showing that the offer is made in palpable bad faith, no court should preclude any witness from testifying (see *People v Gilliam,* 37 NY2d 722, revg 45 AD2d 744 [upon the dissenting memorandum at the Appellate Division by Mr. Justice Hopkins]). Thus,

defendant was entitled to call his witness and to ask questions of him, subject always to the right of the trial court to rule on questions of admissibility upon proper objection. Here, there having been no showing of palpable bad faith, it was clear error for the trial court to have excluded the witness (see *People v Gilliam, supra*). As there must now be a new trial herein, we take this opportunity to note that it was error for Criminal Term to rule that the facts underlying a pending indictment could be used for purposes of impeachment against a defendant (see *People v Porter,* 47 AD2d 908), and that it was further error for the trial court to neglect to charge the preliminary jury instructions mandated by CPL 270.40. Hopkins, Acting P. J., Martuscello, Latham, Rabin and Titone, JJ., concur.