■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ALEXANDER, Appellant.—Judgment of the Supreme Court, Bronx County (and a jury), rendered March 30, 1973 in the office of the clerk, convicting defendant of criminal sale of a dangerous drug in the third degree (one count) and criminal possession of a dangerous drug in the third, fourth (three counts) and sixth (two counts) degrees (formerly Penal Law, §§ 220.35, 220.15 and 220.05) and sentencing him to concurrent indeterminate terms with a maximum of eight years, unanimously reversed, on the law, and a new trial directed. Among a number of reasons warranting reversal, we find that the trial prosecutor improperly delved into two prior arrests (both cases having been dismissed) and suggested thereby that defendant was a seller in the housing project in which he lived. The prosecutor's cross-examination and summation was intended solely to portray defendant as a narcotics pusher rather than to impeach his credibility *(People v Reyes,* 48 AD2d 632; *People v Santiago,* 47 AD2d 476). In addition, through his questioning, the prosecutor improperly brought before the jury out-of-court statements critical of defendant's conduct made by persons who did not testify as witnesses at the trial herein. Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN GLOVER, Appellant.—Judgment, Supreme Court, New York County, rendered February 26, 1974, convicting defendant, after a jury trial, of the crimes of robbery in the first degree, grand larceny in the third degree, assault in the second degree, and possession of a weapon as a misdemeanor, and imposing concurrent sentences thereon, unanimously modified, on the law, to the extent of deleting therefrom the conviction for grand larceny in the third degree and possession of a weapon, vacating the concurrent sentences thereon, and dismissing those counts of the indictment. As so modified, the judgment is affirmed. Inasmuch as defendant was convicted of robbery in the first degree, the conviction for grand larceny in the third degree and possession of a weapon, under the facts herein, must be reversed and said counts dismissed as inclusory concurrent counts. *(People v Grier,* 37 NY2d 847; *People v Pyles,* 44 AD2d 784.) We have examined the other points urged by appellant and find them without merit. Concur—Murphy, J. P., Birns, Silverman, Capozzoli and Lane, JJ.