■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. PELTAK, Appellant.—Appeal from a judgment of the County Court of Washington County, rendered December 16, 1975, upon a verdict convicting defendant of the crime of criminally selling a dangerous drug in the fourth degree and sentencing him to an indeterminate term of imprisonment with a maximum of seven years and a minimum of two and one-third years. Defendant was indicted by the September 1973 Term of Washington County Grand Jury for the crime of criminally selling a dangerous drug in the fourth degree, a class D felony, in violation of former section 220.30 of the Penal Law. The indictment arose out of an incident on May 24, 1973 at the Hampton Manor Bar in the Town of Hampton, Washington County, wherein defendant allegedly sold to undercover Investigator Theodore Rehm a dangerous drug, phencyclidene. Following a jury trial, defendant was convicted and sentenced as noted above. On this appeal, defendant initially contends that the District Attorney's cross-examination of him concerning alleged collateral illicit drug activity on his part deprived him of his fundamental right to a fair trial. We disagree. As always, the limitations of proof are best determined by the trial court and "depend on the individual facts and circumstances of each case" *(People v Sandoval,* 34 NY2d 371, 375). In this instance, unlike the elaborate and detailed cross-examination in *People v Santiago* (47 AD2d 476), the prosecution did not overstep the bounds of propriety, but rather its questioning was limited and in good faith and had a reasonable basis in fact. Moreover, the Trial Judge in his charge clearly and specifically instructed the jury that defendant's testimony in this regard was to be considered solely on the issue of his credibility. Such being the case, we conclude that the cross-examination in question constituted a proper and permissible attack on defendant's credibility *(People v Law,* 48 AD2d 228). Similarly, the trial court was correct in not directing the prosecution to disclose or produce the confidential informants who accompanied the undercover police investigators to the Hampton Manor Bar on May 24, 1973. Neither of the two informants introduced Investigator Rehm to defendant or was present when the illegal sale was negotiated or effectuated. In addition, there was not a close identity question presented at the trial because the testimony of three eyewitness police officers who had a close-up view of the transaction conclusively established that defendant was the perpetrator

thereof. Such being the case, the risk of a mistaken identification was minimal, and defendant's application for the disclosure and production of the informants was properly denied (cf. *People v Pena,* 37 NY2d 642; *People v Goggins,* 34 NY2d 163, cert den 419 US 1012; *People v Brown,* 34 NY2d 163, cert den 419 US 1012). We have examined defendant's remaining contentions and find them to be likewise without merit. Judgment affirmed. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.