■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MCMILLIAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered January 6, 1976, convicting him of robbery in the first and second degrees and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. At about 6:30 on the morning of December 24, 1974, two police officers on radio motor patrol received a report that a man was being dragged down Lyons Place in Mount Vernon. As they responded to the scene and rounded the corner onto Lyons Place, they saw two men walking toward them, one of whom took flight immediately upon seeing the police car. The second of these men continued to walk down the street and, when the police car pulled abreast of him and stopped, he too began to run. After a short chase the police apprehended the second man, who proved to be the defendant, David McMillian. Immediately upon his detention, and without the police asking any questions whatsoever, defendant volunteered: "I didn't do it. I just held him. My friend Bobby Thompson hit him and took his money". Thereupon defendant was arrested, advised of his *Miranda* rights, and placed in the rear seat of the police car. As they proceeded down Lyons Place, the police observed an elderly man, leaning against a van, bleeding from the mouth, with torn clothes and clutching his arm. The arresting

officers assisted the victim until other policemen arrived on the scene and took him to the hospital. After driving about the area where the robbery took place to look for the other assailant, the arresting officers took defendant to headquarters, where, after questioning by detectives, he made a full confession. At the trial, defendant's blurted oral prearrest statement, and his written confession, were received in evidence against him. The victim of the assault, Mr. Boniello, unequivocally identified defendant as the individual who had assaulted and robbed him at knifepoint. Defendant took the stand and claimed that both incriminatory statements were the product of police brutality and coercion, and that Boniello's identification of him was in error. On appeal he contends that the complainant's identification of him as the thief was the product of suggestive pretrial identification procedures and that his confessions were involuntary. In our opinion, the record supports the determination of the court at Criminal Term that, irrespective of any irregularities in the pretrial identification procedures employed by the police, the complainant's in-court identification of defendant flowed from the ample opportunity he had to observe his assailant during the commission of the crime. Suppression of the in-court identification was therefore properly denied (see *United States v Wade,* 388 US 218). With respect to the admissibility and probative value of defendant's confessions, the issue of police brutality was purely one of credibility between defendant, who claimed that the confessions were coerced, and the police, who testified that they were not. The court at the *Huntley* hearing, and the jury at the trial, found that the confessions were voluntary. On appeal the determinations of these triers of the facts are to be accorded great weight (see *People v Yukl,* 25 NY2d 585, cert den 400 US 851; *Amend v Hurley,* 293 NY 587, 594; *Barnet v Cannizzaro,* 3 AD2d 745), especially where, as here, defendant has advanced no persuasive reason to believe that they were in error. During the direct examination of one of the arresting officers, the prosecutor elicited the fact that the officer had seen Mr. Boniello identify the defendant at the scene of the robbery, while the latter was confined in the rear seat of the police car. Despite the fact that admission of that testimony was clearly error because it constituted an improper bolstering of the complainant's identification of defendant as his attacker (see *People v Trowbridge,* 305 NY 471), no objection was raised by defense counsel. Accordingly, the issue of law was not preserved for appellate review (see CPL 470.05, subd 2). A reversal in the interest of justice is not required here because the proof of defendant's guilt was overwhelming and the error could therefore not have influenced the result (see *People v Moore,* 48 AD2d 690). We have considered defendant's other contentions and have found them to be without merit. Cohalan, Acting P. J., Margett, Damiani and Mollen, JJ., concur.