■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT RAYMOND DU PONT, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered September 30, 1976, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree. This appeal is from a judgment of conviction upon three charges arising from a brutal sexual attack upon a 12-year-old girl. As to defendant's first claim, that the admission of certain testimony was in error because it constituted an improper bolstering of the identification of the defendant, defendant concedes that "defense counsel failed to object to the testimony complained of". He argues, however, that we should address the issue in the interest of justice pursuant to CPL 470.15 (subd 6, par [a]). Seldom has this court been presented with a case of sexual assault in which the proof of guilt has been so overwhelming. As such the errors, if any, could not have influenced the result *(People v Crimmins,* 36 NY2d 230; *People v McMillian,* 56 AD2d 662). Defendant's remaining contention is also without merit. His claim that the sexual abuse charge should be dismissed as a lesser included offense to the rape and sodomy charges is belied by the evidence of forcible "Sexual contact" (Penal Law, § 130.00, subd 3) an element of sexual abuse in the first degree (Penal Law, § 130.65) apart from the proven acts of "Sexual intercourse" (Penal Law, § 130.00, subd 1) and "Deviate sexual intercourse" (Penal Law, § 130.00, subd 2), which are necessary elements of rape in the first degree (Penal Law, § 130.35) and sodomy in the first degree (Penal Law,

§ 130.50), respectively. There was no requirement of the proof of the sexual contact necessary to the sexual abuse charge herein as a necessary element of the rape and sodomy charges. As such it was not a "Lesser included offense" as defined by CPL 1.20 (subd 37), subject to dismissal under CPL 300.40 (subd 3, par [b]) *(People v Lee,* 39 NY2d 388, 390; *People v Grier,* 37 NY2d 847, 848; cf. *People v Cionek,* 35 NY2d 924). Judgment affirmed. Kane, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.