■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN J. MOHAMMED, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 16, 1974, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Criminal Term erred in ruling that the facts underlying a pending indictment could be used against the defendant for purposes of impeachment (see *People v Hepburn,* 52 AD2d 958; *People v Porter,* 47 AD2d 908). However, under the circumstances presented here, we find the error to have been harmless (see *People v Crimmins,* 36 NY2d 230). Suozzi, J. P., Gulotta, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MURCHINSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 17, 1975, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. A *Huntley* hearing shall be held prior to the trial if defendant applies for such a hearing. Even though defendant contended that he had never made any statement to the police, he was nevertheless entitled to a full inquiry into the voluntary nature of his purported confession when, after having been served with a notice of intention to introduce such a statement at the trial (see CPL 710.30), he alleged in support of his pretrial motion, and again at the trial, that he had never been given his *Miranda* warnings (see *People v Wright,* 21 NY2d 1011; *People v Brown,* 44 AD2d 769). During the summation, the prosecutor stated, with reference to the defendant, "I submit to you that the lie in this case, it's right over there, sitting right at counsel's table." That statement was not only improper (see *People v Shanis,* 36 NY2d 697, 699), but the trial court did nothing to correct the error when it denied defendant's motion for a mistrial and made no attempt to give a curative instruction to the jury. Moreover, the court's charge, at defendant's request, on the issue of defendant's failure to testify was not in accordance with CPL 300.10 (subd 2), in that the jury was never instructed that it should not draw any unfavorable inference from the defendant's failure to testify in his own behalf (see *People v Britt,* 43 NY2d 111). Rabin, J. P., Gulotta, Cohalan and Hawkins, JJ., concur.