## (December 14, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ADDISON, Appellant.—Judgment unanimously affirmed. Memorandum: Upon defendant's first trial the jury acquitted him of grand larceny in the third degree and reckless endangerment but disagreed on the two charges of

robbery in the first degree and the charge of petit larceny. On retrial on the latter charges he was found guilty of two counts of robbery, first degree. On the retrial no question of double jeopardy was raised before the verdict. Before sentencing, however, defendant obtained a different attorney and he moved to set aside the verdict and for dismissal of the indictment on the ground of double jeopardy, and he appeals the denial of that motion. Although defendant did not raise the double jeopardy objection until after the verdict, he raised it before sentencing, and we hold that he did not waive his right under this Constitutional provision (see *People v Mayo,* 48 NY2d 245; *People v Michael,* 48 NY2d 1, 7). We agree with the District Attorney, however, that double jeopardy was not involved in this case. There was evidence that defendant and his associate entered the victim's store, that the associate brandished a gun and required the victim to open the cash register, and that defendant then removed a small amount of cash therefrom. Grand larceny in the third degree of which defendant was acquitted on the first trial, is defined (Penal Law, § 155.30, subd 5) as stealing property when it, "regardless of its nature and value, is taken *from the person of another"* (emphasis added). Robbery in the first degree is defined (Penal Law, § 160.15) as forcibly stealing property when armed with a deadly weapon or using or threatening the use of a dangerous instrument. The present robbery statute does not require that the taking be " 'from the person of' * * * the victim" (see Hechtman, Practice Commentaries, McKinney's Cons Law of NY, Book 39, Penal Law, § 160.00, p 195). Thus, grand larceny in the third degree is not necessarily a lesser included offense of robbery in the first degree, and on the facts in this case, it is not such lesser included offense. Thus, defendant was not subjected to double jeopardy by reason of the retrial for robbery, first degree. Defendant also contends that reversible error was committed by the court in permitting the District Attorney to cross-examine him concerning the facts underlying another pending criminal indictment against him, and he relies on *People v Porter* (47 AD2d 908) and some similar cases. The facts in this case, however, remove it from the compass of the *Porter* principle. Although defendant did not move before trial for a *Sandoval* hearing, in midtrial the court accorded him one and ruled that the District Attorney could not cross-examine him concerning facts underlying a pending indictment similar to the indictment herein. The defendant then testified in his own defense. Knowing of the court's favorable *Sandoval* ruling, defendant's attorney asked him: "Q. Have you ever engaged in any burglaries? A. No. Q. Were you ever engaged in any robberies? A. No." The District Attorney then successfully argued to the court that if he were not permitted to cross-examine defendant about his criminal acts, for which he was under another indictment, defendant would be using the *Sandoval* ruling as a sword, not a shield. In light of defendant's direct testimony denying prior burglaries or robberies, the court properly permitted the District Attorney to cross-examine the defendant about such acts, going to his credibility (see *People v Rahming,* 26 NY2d 411, 419; *People v Sorge,* 301 NY 198; Richardson, Evidence [10th ed], § 498, p 483). In this case the District Attorney had the NYSIS report about defendant and, clearly, he asked the questions in good faith *(People v Duffy,* 36 NY2d 258, 262). Such cross-examination of the defendant did not, therefore, constitute error. We find no merit in the other contentions of the defendant. (Appeal from judgment of Monroe County Court—robbery, first degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Witmer, JJ.