■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY L. EDWARDS, Appellant. — Judgment unanimously affirmed. Memorandum: Prior to his trial on robbery and grand larceny charges, defendant was

afforded a hearing pursuant to *People v Sandoval* (34 NY2d 371). On· this appeal, defendant contends the trial court erred in ruling that if he were to take the stand in his own behalf at trial, defendant could be cross-examined with respect to the facts underlying a pending indictment charging him with another robbery. Although there are some cases holding such cross-examination to be erroneous (see *People v Hepburn,* 52 AD2d 958; see, also, *People v Pilgrim,* 69 AD2d 825; *People v Mohammed,* 63 AD2d 655), we cannot agree. The Court of Appeals has stated that although a witness may not be asked whether he has been indicted, the mere fact of the indictment should not proscribe inquiry into the underlying criminal act *(People v Rahming,* 26 NY2d 411, 419; *People v Morrison,* 194 NY 175, 178; cf. *People v Sorge,* 301 NY 198). This court has also taken the position that although a prosecutor may not ask a defendant whether he has been indicted, he may cross-examine the defendant concerning the facts underlying a pending indictment *(People v Jackson,.* 41 AD2d 686; see, also, *People v Addison,* 73 AD2d 790). The fact that the crimes for which defendant was on trial and the crimes charged in the pending indictment were similar will not foreclose the cross-examination if it appears that the evidence is otherwise admissible *(People v Anderson,* 75 AD2d 988). The crimes charged in the pending indictment, robbery and larceny, are crimes of individual dishonesty and untrustworthiness, that are relevant to defendant's veracity as a witness *(People v Sandoval, supra,* p 378). Accordingly, we find no clear abuse of discretion with respect to the court's *Sandoval* ruling as would require reversal *(People v Mackey,* 49 NY2d 274, 281-282; *People v Shields,* 46 NY2d 764, 765). During the trial, a police officer testified, without objection, that the victim and another eyewitness had identified the defendant as the perpetrator of the robbery within a half hour after the robbery took place. When the prosecutor made reference to the police officer's testimony in this respect during the course of his summation, defense counsel objected and moved for a mistrial, claiming that such testimony constituted impermissible "bolstering" under the rule of *People v Trowbridge* (305 NY 471). The trial court denied the motion for mistrial, noting that inasmuch as there was no objection to the police officer's testimony at trial, such testimony was properly part of the trial record which was commented on by both sides during summation. The record discloses that the evidence of defendant's guilt was overwhelming. It consisted of the identification made by not only the victim but by a passing motorist, each of whom had an opportunity to observe the defendant during the course of the commission of the crime and identify him when he was taken into custody shortly thereafter. While bolstering is impermissible *(People v Trowbridge, supra),* on this record it cannot be held to constitute reversible error (see *People v Burgess,* 66 AD2d 667). In view of the overwhelming proof of defendant's guilt, the error, if any, was harmless *(People v Galloway,* 77 AD2d 542; *People v Burgess, supra; People v Du Pont,* 60 AD2d 689; *People v Nival,* 41 AD2d 777, affd 33 NY2d 391). (Appeal from judgment of Monroe County Court — robbery, second degree.) Present — Hancock, Jr., J.P., Callahan, Doerr, Denman and Schnepp, JJ.