■ The People of the State of New York, Respondent, v Thomas Agro and Joseph Coniglio, Appellants. — Appeals by (1) defendant Agro from a judgment of the County Court, Nassau County (Delin, J.), rendered June 11, 1982, convicting him of attempted grand larceny in the first degree and attempted coercion in the first degree, upon a jury verdict, and imposing sentence, and (2) defendant Coniglio from a judgment of the same court, rendered June 11, 1982, convicting him of attempted grand larceny in the first degree, upon a jury verdict, and imposing sentence. Judgment as to defendant Agro affirmed. No opinion. The case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Judgment as to defendant Coniglio affirmed and case remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). On his appeal from a judgment convicting him of attempted grand larceny in the first degree, defendant Coniglio argues, *inter alia,* that the trial court erred in its ruling made after a pretrial hearing pursuant to *People v Sandoval* (34 NY2d 371). At that hearing, it was established that there was another indictment then pending against Coniglio charging him with both the sale and possession of heroin. The People argued at the *Sandoval* hearing that if defendant took the stand in the instant case, he could be questioned about the acts underlying that pending indictment. In opposition, Coniglio's counsel argued that cross-examination of his client by inquiry into the acts underlying the pending indictment would effectively preclude Coniglio from testifying in the instant case. The court ruled that the People could inquire into Coniglio's conduct with respect to any sale of heroin charged in the pending indictment. This court has held, as defendant Coniglio contends, that it is error to allow cross-examination of a defendant in a criminal trial by inquiring into the acts underlying

another pending indictment (*People v Pilgrim*, 69 AD2d 825; *People v Mohammed*, 63 AD2d 655; *People v Hepburn*, 52 AD2d 958). However, the Court of Appeals has recently expressly held that it is not error for a trial court in the proper exercise of discretion to allow cross-examination of a defendant in a criminal trial by inquiring into the acts underlying another pending indictment (*People v Pavao*, 59 NY2d 282). In this case such cross-examination was proper and defendant Coniglio's argument regarding this issue must be rejected. We have examined defendant Coniglio's remaining contentions and find them to be without merit. Mangano, J. P., O'Connor, Bracken and Niehoff, JJ., concur.