OPINION OF THE COURT
Eugene L. Nardelli, J.
Defendants have been indicted on two counts of robbery-in the first degree and on six lesser counts. The principal charges are that on February 6, 1983, defendants, each aiding the other, forcibly stole a quantity of United States currency from Curland Camack in his grocery store; that on February 10, 1983, they similarly stole a quantity of United States currency from Edson Nembhard in his grocery store; and that in the course of the commission of such crimes and of immediate flight therefrom they displayed what appeared to be a pistol.
Defendants have in the past been convicted of various crimes and have been indicted for other crimes for which they have not yet been tried. The People seek to cross-examine defendants, if they should take the stand, on some of those crimes and on the acts underlying the pending indictments. A Sandoval hearing was held to determine the extent to which such inquiry should be permitted.
*385 PENDING INDICTMENTS.
The Court of Appeals has pronounced several basic principles. Generally, a defendant, like any other witness, may be interrogated with regard to any vicious or criminal act of his life. (People v Sorge, 301 NY 198, 200.) A person may not be asked if he has been indicted, but the mere fact of indictment should not preclude inquiry into the underlying criminal act. (People v Rahming, 26 NY2d 411, 419.) The standards of People v Sandoval (34 NY2d 371) are applicable to cross-examination into alleged immoral, vicious, or criminal acts, regardless of whether those acts resulted in convictions. (People v Kennedy, 47 NY2d 196, 205.) Consistent with such holdings, the Court of Appeals has now ruled, almost in passing, that pending charges may in the discretion of the trial court be inquired into “ ‘as far as credibility is concerned and only for the purpose of credibility’ ”. (People v Pavao, 59 NY2d 282, 292.) Defendant Pavao was being tried for attempted murder in the second degree and on three counts of assault. The pending indictment was for attempted murder, assault, and criminal possession of a weapon.
Although it might be thought that even before Pavao a defendant could clearly be cross-examined with respect to the acts underlying pending indictments, only in one judicial department was that principle established. (People v Edwards, 80 AD2d 993 [4th Dept]; People v Jackson, 41 AD2d 686 [4th Dept].) The Second and Third Departments had taken the position that a defendant could not be questioned with respect to such acts. (People v Pilgrim, 69 AD2d 825 [2d Dept]; People v Mohammed, 63 AD2d 655 [2d Dept]; People v Hepburn, 52 AD2d 958, 959 [3d Dept].) All three cases relied ultimately, however, on People v Porter (47 AD2d 908), which had held merely that a defendant could not be cross-examined with respect to a rape, for which he had been indicted but not yet tried, when such cross-examination was for the purpose of establishing the intent to commit rape in his trial for burglary in which it was alleged that defendant had entered a dwelling with such intent.
The First Department had held that cross-examination as to the factual details of a crime for which defendant was under indictment but not yet tried was improper. (People v *386 Reyes, 48 AD2d 632.) The court there noted, however, that the questions had one purpose and one effect, to show defendant’s propensity to commit crimes of a similar nature, and cited People v Sandoval (supra), People v McKinney (24 NY2d 180), and People v Branch (34 AD2d 541). McKinney and Branch too had found the purpose or effect of the cross-examination was not to impeach credibility but to show a propensity to commit the crime for which defendant was on trial. People v Reyes (supra) did not hold that any and all cross-examination on a pending indictment would be improper, but pursuant to it a court must carefully weigh the intent and effect of such cross-examination. Here since the crimes charged against defendants were part of a series of robberies committed over a short period of time, having the appearance of a crime spree, cross-examination thereon would tend inevitably to show defendants’ propensity to commit crimes of that nature. But any evidence of criminal conduct is inevitably detrimental to a defendant, and hence that factor is not determinative. (People v Sandoval, supra, p 376.) That detriment must be weighed against the potential prejudice to the prosecution and the fact-finding process in denying the jury access to probative evidence of the defendants’ credibility. (People v Bennette, 56 NY2d 142, 147.) Here, in view of defendant Williams’ other crimes into which inquiry will be allowed and the general strength of the prosecution’s case, the potential prejudice to the fact-finding process seems slight. Then too, the prosecution has shown commendable restraint in not seeking to join all the indictments in one trial; it has joined only two of the robberies, which were closely related in time, area, and circumstances. In seeking to cross-examine with respect to the facts underlying the pending indictments, it would take back part of what it has properly given up. There may even be a trace of the proscribed intent to show propensity to go with the effect discussed above.
The prosecution, then, will not be allowed to cross-examine^ defendants on the facts underlying their indictments not yet brought to trial. This prohibition is not based on the single fact that the pending cases have not yet been brought to trial; under People v Pavao (supra), it could not *387 be. Nor is it based on the single fact of the similarity of the crimes charged in the pending indictments to the two robberies being tried here. Similarity of crimes is not controlling. (People v Pavao, 59 NY2d 282, supra; People v Rahman, 46 NY2d 882.) If the pending cases had been tried first and resulted in convictions, their nature would be unchanged and yet cross-examination with respect to them might be proper. The prohibition is the result of weighing, in accordance with the standards of People v Sandoval and People v Bennette (supra), the probative worth of evidence on the credibility of defendants and possible prejudice to the fact-finding process in denying the jury such evidence against the prejudicial effect on the defendants of admitting it. The weighing is the same as for crimes of which defendants have been convicted. But here there may be an additional element to be placed on the scale — and it too is only a factor and not in itself determinative: since the defendants would have to defend themselves with respect to charges before their actual trial thereon, there would be created, insofar as proof is concerned, a joinder of indictments that might more fairly be tried separately.
This rationale makes the old conflict among the judicial departments less substantial. In People v Pilgrim and People v Mohammed (supra), the Second Department found error in allowing cross-examination on the facts underlying pending indictments but found the error harmless. In People v Hepburn (supra), since there were other grounds for reversal, the Third Department did not reach the question whether such error in itself would have required reversal. In People v Edwards (80 AD2d 993, 994, supra), the Fourth Department found only that in allowing inquiry into the acts underlying pending indictments there was “no clear abuse of discretion * * * as would require reversal”. Such qualifications seem to be the consequences of attempting to formulate a clear-cut rule where none is needed. They are obviated by treating the pending state of the indictments just like the other factors which must be balanced in deciding when cross-examination will be allowed. As has been noted, the First Department in People v Reyes (48 AD2d 632, supra) was faced only with a simpler *388 problem; the questions there “had but one purpose and one effect on the jury; namely, showing of defendant’s propensity to commit crimes of a similar nature.” The court concludes that, although inquiry into, the underlying facts of pending indictments is not in itself forbidden, the prejudice of such inquiry must be weighed on the same scales as those used for balancing the prejudice of inquiry into any other vicious, immoral, or criminal act against the fair demands of the fact-finding process and that here the prejudice to defendants in allowing such inquiry would outweigh the benefit to the fact-finding process.
This decision does not, of course, preclude inquiry by the prosecution on direct examination of witnesses to the robberies for which defendants are being tried with respect to another crime when testimony so elicited will tend to establish the identity of the defendants. (People v Molineux, 168 NY 264.)