■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE B. MAYO, Appellant.—Judgment unanimously affirmed. Memorandum: Prior to trial, the court rejected the prosecution's request to cross-examine defendant at trial concerning his prior possession of 12 manila envelopes of marihuana and a vial of cocaine which had been the basis of two counts of an earlier indictment. During direct examination on this trial for criminal sale of marihuana and cocaine, defendant testified that he had never engaged in the sale of marihuana or drugs. On cross-examination, he testified, without objection, that he had previously used pot, but that he had never sold marihuana and had never possessed or used cocaine. The court then permitted further cross-examination of defendant regarding the prior bad acts charged in the earlier indictment. When defendant testified concerning his prior involvement with drugs and marihuana on direct examination, he opened the door to further inquiry about the nature and extent of that involvement. Under these circumstances, we conclude that the court properly permitted that examination for purposes of impeaching defendant's credibility *(see, People v Addison,* 73 AD2d 790, 791).

We have reviewed defendant's remaining contentions and find them to lack merit. (Appeal from judgment of Oneida County Court, Buckley, J.—criminal sale of controlled substance, third degree, and another offense.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.