■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR VILLANUEVA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered February 2, 1987, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Pesce, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him at the time of his arrest.

Ordered that the judgment is affirmed.

The defendant contends that there was insufficient justification for the stop of his vehicle. He claims that Police Officer McAleavey's testimony that he saw a bottle being passed between himself and a codefendant inside the defendant's car was a mere pretext for a more intrusive search. He further argues that the doctrine of estoppel is applicable in this case.

In *People v Ingle* (36 NY2d 413, 420), the Court of Appeals stated: "It should be emphasized that the factual basis required to support a stop for a 'routine traffic check' is minimal. An actual violation of the Vehicle and Traffic Law need not be detectable. For example, an automobile in a general state of dilapidation might properly arouse suspicion of equipment violations. All that is required is that the stop be not the

product of mere whim, caprice, or idle curiosity. It is enough if the stop is based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion' ". Moreover, the court in *Ingle* stated that a single automobile traveling on a public highway may be stopped for a "routine traffic check" when a police officer reasonably suspects a violation of the Vehicle and Traffic Law. It is undisputed that drinking while driving is a violation of Vehicle and Traffic Law § 1227. The question is whether the officer actually saw the bottle being passed and, if so, was this a pretext for a more intrusive search. The hearing court stated that, "[h]aving observed officer McAleavey's demeanor and responses during his direct and cross examination, this court found his testimony credible".

It is well settled that much weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759). Moreover, issues of a witness's credibility are primarily for the trial court *(People v Garafolo,* 44 AD2d 86). Reversal is warranted, however, where the fact findings of the trial court are manifestly erroneous or so plainly unjustified by the evidence that the interests of justice necessitate their nullification *(see, People v Garafolo, supra,* at 88).

In the case at bar Officer McAleavey testified that he did indeed see the bottle being passed above the car seats and this observation was the primary motivating factor for stopping the car. He also testified that that area where the transfer occurred was well lit and the patrol car was 1 to 2 car lengths behind the defendant's car. Under the circumstances, the hearing court was correct in crediting Police Officer McAleavey's testimony and ruling that the stop was reasonable.

Finally, the defendant argues that the prosecution should be estopped from exploiting the evidence of driving while drinking, because, prior to the stop, the defendant and his codefendant had been asked to move on by the officers. Thus, the defendant contends that the officers encouraged the unlawful activities. It should be noted at the outset that the defendant failed to raise this issue in his motion papers or during the suppression hearing. Consequently, he has failed to preserve the issue for review *(see, People v Tutt,* 38 NY2d 1011; *People v Lyons,* 125 AD2d 593, *lv denied* 69 NY2d 952). Even assuming that the issue was preserved for review it cannot withstand scrutiny. The defendant and his codefendant were not intoxicated when they were told to move on. They did not rely

on any statements of the officers as to the legality of drinking and driving nor were the officers under a duty to inform them that such conduct was proscribed. They voluntarily resumed drinking while driving. Thus, the purported defense of estoppel is unavailable to them. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.