■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ROSADO-MALDONADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered February 15, 1985, convicting him of grand larceny in the second degree, criminal mischief in the fourth degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant, in his supplemental *pro se* brief, correctly

contends that the trial court erred in ruling, after a *Sandoval* hearing, that the prosecutor would be allowed to ask him whether he was currently under indictment for criminal sale of a controlled substance in the first degree. While the court might properly have permitted inquiry as to the underlying facts with respect to charges against the defendant, it was error to allow the prosecutor to ask whether he was under indictment therefor *(see, People v Rahming,* 26 NY2d 411, 419; *People v Cascone,* 185 NY 317, 334). However, since the evidence of the defendant's guilt is overwhelming and there is no significant probability that the jury would have acquitted the defendant had it not been for this error, the error is harmless *(see, People v Dickman,* 42 NY2d 294, 298; *People v Caviness,* 38 NY2d 227, 233).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.