■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVY LASSITER, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered December 3, 1986, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Inasmuch as a radio computer check revealed that the

license plates on the green Dodge which the police observed the defendant operating were in fact issued for a tan Ford, there was ample justification for the stop of the Dodge (see, People v Ingle, 36 NY2d 413; People v McClane, 143 AD2d 848; People v Villanueva, 137 AD2d 852; cf., Vehicle and Traffic Law § 402). In addition, the defendant, who could produce neither a license nor registration, offered to exit his vehicle to walk up the street to get those documents, but then requested permission to reach down to retrieve some "loose change". Under the circumstances, the ensuing police order to the defendant to get out of the vehicle was a reasonable one (see, People v Livigni, 88 AD2d 386, affd 58 NY2d 894; cf., People v McClane, supra). A police officer was thereafter able to observe the butt of a gun protruding from a crack in the seat, thus providing probable cause for the arrest (see, People v Harvey, 146 AD2d 585). Moreover, there is no basis for disturbing the determination by the County Court to credit the police officer's testimony as to what he could see (see, People v Prochilo, 41 NY2d 759; People v Villanueva, supra) and the application to suppress the gun as unlawfully seized was properly denied.

The defendant raises no other contention on appeal. Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.