■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BALDWIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered January 6, 1989, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the prosecutor improperly elicited testimony from the investigating police officer regarding his efforts to locate the defendant. A review of the relevant part of the trial record discloses that the defense counsel did not raise an objection at trial to this allegedly prejudicial evidence thereby rendering this issue unpreserved for appellate review (see, CPL 470.05 [2]). In any event, this claim has no merit. The record shows that even though the police officer went to places the defendant was known to frequent, and even though the officer sought the defendant out at his place of employment, it took the officer nine weeks to find the defendant. Every time the police officer went to a particular location he was told that defendant was not there or that he had just left. We find that this testimony was both relevant and probative on the issue, *inter alia,* of flight. Accordingly, we conclude that the prosecutor did not err in pursuing this line of questioning (see, *People v Gaines,* 158 AD2d 540).

The defendant's claim that the prosecutor erred in questioning the defendant's sole witness about the fact that he had been arrested (see, *People v Cook,* 37 NY2d 591; *People v Lyons,* 154 AD2d 553; *People v Morales,* 135 AD2d 742), is not preserved for appellate review since the defense counsel failed to object to this testimony on the ground now asserted on appeal (see, *People v Osuna,* 65 NY2d 822). In any event, in view of the overwhelming evidence of the defendant's guilt, any error was harmless (see, *People v Crimmins,* 36 NY2d 230; *People v Rosado-Maldonado,* 154 AD2d 718).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.