■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTIN SANDOVAL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 1, 1989, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

There is no basis for disturbing the Supreme Court's finding that police officers stopped the defendant's vehicle because they observed him operating it in an unsafe manner *(see, People v Prochilo,* 41 NY2d 759; *People v Villanueva,* 137 AD2d 852). We therefore agree with the determination that the stop was lawful *(see, People v Ingle,* 36 NY2d 413; *People v Dennis,* 144 AD2d 381). There is similarly no basis for disturbing the Supreme Court's determination to credit the police officer's testimony that, upon the lawful stop, he could see in plain view the butt of a gun protruding from a black bag located on the floor of the front passenger's seat *(see, People v Prochilo, supra; People v Villanueva, supra).* Accordingly, there was probable cause to arrest the defendant *(see, People v Villanueva, supra; see also, People v Lassiter,* 161 AD2d 605). We note that the ensuing search of the passenger areas of the vehicle, which produced six vials of cocaine, was proper *(see, People v Belton,* 55 NY2d 49).

Although the defendant's motion to suppress tangible evidence was properly denied, we conclude that the defendant is entitled to a new trial. Over the defendant's objection, the prosecutor was permitted to elicit from the defendant's only trial witness—a witness who testified that the car, the gun and the drugs were his—that he, the witness, was then incarcerated. On summation, the prosecutor commented that the witness had nothing to lose by testifying that the contraband was his precisely because he was "already" in jail. In response to the defense counsel's ensuing motion for a mistrial, and in spite of the defendant's objection, the court advised the jury that the defendant's witness was in jail

awaiting disposition of other charges and could not make bail and "[t]hose facts are stated to you * * * for the purpose of permitting you to view the argument just made concerning his jail status".

The status of the witness as a pretrial detainee has no bearing on his credibility and is otherwise irrelevant on the issue of the defendant's guilt (see, People v Cook, 37 NY2d 591, 596; People v Ortiz, 125 AD2d 502; see also, Richardson, Evidence § 506 [Prince 10th ed]; cf., CPL 60.40 [1]; People v Baldwin, 170 AD2d 687). Admission of evidence concerning that status was error and the ensuing comments only compounded its prejudicial effect. Under the circumstances, including that the conviction rests largely on statutory presumptions (see, Penal Law §§ 220.25, 265.15), in the face of testimony by a witness that the contraband was not the defendant's but the witness's, we cannot say that the error, the prosecutor's comment, and the court's instruction with respect thereto were harmless (see, People v Thomas, 43 AD2d 547). We therefore reverse and order a new trial. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.