■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM BRUCE, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Giaccio, J.), dated June 3, 1991, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements made by him to law enforcement authorities.

Ordered that the order is reversed, on the law, and those branches of the defendant's motion which were to suppress physical evidence and statements made by him to law enforcement authorities are denied.

The defendant was indicted for criminal possession of a weapon in the third degree and resisting arrest. In his omnibus motion, he sought suppression of certain physical evidence and his postarrest statement.

At the hearing held in connection with this motion, the arresting officer testified that on November 26, 1990, at approximately 4:42 P.M., he was patrolling the area of Northern Boulevard and 103rd Street in Queens when he observed the defendant and two other individuals. He testified that he also saw "the handle of what appeared to be a gun" protruding from the defendant's jacket pocket.

This officer testified that he approached the defendant and that the defendant "dug [his hands] into his pockets". The officer further testified that he "grabbed both [of the defendant's] hands in his pockets" and that, after some pushing and shoving, he managed to extract a .380 caliber black and silver automatic handgun. The defendant was then arrested.

The foregoing evidence establishes that the officer had probable cause to arrest the defendant at the time that he seized the defendant's weapon (see, e.g., People v Hopkins, 163 AD2d 416, 417; People v Lassiter, 161 AD2d 605, 606; People v Rodriguez, 105 AD2d 718 [probable cause based on observation of defendant in possession of weapon]). The defendant's contention that the People failed to "preserve" the arguments which they now advance in opposition to his motion to suppress is meritless for several reasons, including that, in opposing the defendant's motion to suppress evidence, the People

expressly argued that "the seizure of the physical evidence without a search warrant was justified [because] the defendant was observed by [the] arresting officer carrying a handgun".

The hearing record also establishes that the defendant waived his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436), prior to any interrogation. The defendant's alternate contention that the arresting officer's testimony was incredible is meritless. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.