■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EUCHARISTA MIGLIORE, Respondent.—Judgment, Supreme Court, New York County (Irving Lang, J.), rendered April 10, 1987, convicting defendant of criminal possession of a controlled substance in the first degree and sentencing her to an indeterminate term of imprisonment of from four years to life, unanimously modified, on the law, to reverse the sentence, to resentence defendant to a term of imprisonment of from 15 years to life and, except as thus modified, affirmed.

In sentencing defendant on her first degree drug possession conviction to a prison term of four years to life, the court found that the statute mandating a minimum sentence of 15 years to life (Penal Law §§ 220.21, 60.05 [2]; § 70.00 [2] [a]; [3] [a] [i]) would be unconstitutional as applied. This was error. Contrary to the sentencing court's finding that defendant played merely a passive role as a courier for her husband, the record shows that she was a willing and active participant in the $123,000 sale of over a pound of heroin, more than four times the threshold weight required for conviction. Moreover, she perjured herself at trial by fabricating a story about a package containing pastry implements rather than heroin. And, even though two detectives saw her do so, she denied meeting her husband and switching cars at the time she delivered the drugs. In returning a finding of guilt, the trial court necessarily found this testimony to be false. Finally,

defendant has committed other serious crimes. Shortly after the drug sale here, she was arrested for an incident involving arson and insurance fraud that had occurred in 1984, the details of which were furnished to the sentencing court. A sentencing court may properly consider prior crimes for which a defendant was never tried or convicted. *(People v Marrero,* 110 AD2d 785; *People v Whalen,* 99 AD2d 883.) It should be noted that four months after her sentencing here, defendant was tried and convicted of insurance fraud.

This is hardly the "rare case" contemplated in *People v Broadie* (37 NY2d 100, 119) in which the drug sentencing statutes could be unconstitutional as applied. Accordingly, we modify the judgment to increase defendant's sentence to a term of 15 years to life. We previously affirmed the conviction on defendant's appeal. (140 AD2d 197.) Concur—Sullivan, J. P., Asch, Milonas, Rosenberger and Wallach, JJ.