OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified by vacating the sentence and remitting the case to Supreme Court for resentencing before the same court and, as so modified, affirmed.
 

 Defendant was convicted of two counts of attempted assault in the second degree, five counts of robbery in the first degree and criminal possession of a weapon in the second degree.
 

 At sentencing, the court offered both the prosecution and the defendant an opportunity to speak "on the issue of what the sentence should be.” During its oral submission, the People noted that, just prior to defendant’s trial, "a car pulled up to the * * * deli some time after midnight and a masked gunman walked into the deli and pointed and fired a gun several times into the chest of an employee who was standing behind that counter and left.” The prosecutor observed that this incident and the incident leading to one of defendant’s convictions both
 
 *1049
 
 occurred at the same deli; the victims in each bore a "striking resemblance”; and the masked attacker was described as a black male — the same as defendant’s unapprehended accomplice.
 

 Despite the prosecutor’s suspicions, he conceded that he could not prove "that those bullets were meant for [someone who] was one of the identifying witnesses in this case” or that "the masked gun man was likely the defendant’s accomplice.” Defense counsel objected to consideration of this incident.
 

 The Trial Judge stated that he had heard of, but not seen, the videotape evidence of the crime. However, the court accepted the prosecutor’s speculation that there was no "explanation why the hard working Korean immigrant should be the victim of an [assassination] attempt” other than the fact that "he looked like somebody who might testify against [defendant].” In imposing sentence, the court stated that, along with other factors, it was "definitely considering the shooting incident.” The Appellate Division affirmed, holding that "the sentence was not unduly influenced by the court’s consideration of an uncharged crime.”
 

 As this Court noted in
 
 People v Day
 
 (73 NY2d 208, 212), sentencing courts "are wisely allocated wide latitude as they are recognized to be in a superior position to dispense proportionate and fair punishment.” Under its discretionary sentencing power, a court may properly consider evidence of prior crimes
 
 (see, e.g., Williams v New York,
 
 337 US 241). However, a court’s discretion in sentencing is not without limits. Generally, as a matter of due process, an offender may not be sentenced on the basis of " 'materially untrue’ assumptions or 'misinformation’ ”
 
 (United States v Pugliese,
 
 805 F2d 1117, 1123, quoting
 
 Townsend v Burke,
 
 334 US 736, 741). Rather, "[t]o comply with due process * * * the sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate”
 
 (People v Outley,
 
 80 NY2d 702, 712).
 

 Here, the prosecutor’s assertion that defendant was involved in the shooting incident was based on pure speculation and, thus, the court’s consideration of the incident in imposing defendant’s sentence was improper.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order modified in accordance with the memorandum herein and, as so modified, affirmed.