There is no merit to the defendant's contention that his arrest was made without probable cause. Information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause for an arrest (*see, People v Jean-Charles*, 226 AD2d 395).

The defendant's further contention that the hearing court should have found that he did not effectively waive his constitutional rights because of his limited command of the English language is also without merit. An individual may validly waive his *Miranda* rights (*see, Miranda v Arizona*, 384 US 436) "so long as the immediate import of those warnings is comprehended" (*People v Vanegas*, 237 AD2d 469; *see, People v Zadorozhnyi*, 267 AD2d 263; *People v Alexandre*, 215 AD2d 488). Contrary to the defendant's claim, the evidence presented at the hearing supports the hearing court's determination that the defendant understood his *Miranda* rights and knowingly and voluntarily waived them (*see, People v Vanegas, supra*; *People v Alexandre, supra*).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are without merit. Krausman, J. P., McGinity, Schmidt and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENWORTH STYLES, Appellant. [727 NYS2d 904] —Appeal by the defendant, as limited by his motion, from an amended sentence of the Supreme Court, Kings County (J. Goldberg, J.), imposed February 17, 2000, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted sale of a controlled substance in the third degree.

Ordered that the amended sentence is affirmed.

The sentencing court may properly consider evidence of other

crimes for which the defendant was not tried provided the court is satisfied that "the information upon which it bases the sentence is reliable and accurate" (*People v Naranjo,* 89 NY2d 1047, 1049; *see, People v Outley,* 80 NY2d 702, 712). The court was entitled to treat the defendant's admission to criminal activity, made under oath in an unrelated proceeding, as reliable (*see, People v Migliore,* 150 AD2d 169; *People v Marrero,* 110 AD2d 785). Bracken, P. J., Ritter, Goldstein, Schmidt and Townes, JJ., concur.