▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELDRICK BRATCHER, Appellant. [737 NYS2d 451] —Appeal from a judgment of Monroe County Court (Dattilo, Jr., J.), entered August 19, 1998, convicting defendant after a jury trial of, inter alia, robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Monroe County Court for resentencing.

Memorandum: County Court properly denied defendant's suppression motion. Contrary to the contention of defendant, he was not stopped solely because he was a black man in the vicinity of the bank robbery. Police received a radio transmission informing them that the suspect in the bank robbery was a black male, possibly 5 feet 10 inches tall. Within minutes of receiving that transmission and only 10 minutes after the robbery, an officer saw defendant, who matched the description, walking from the direction of the bank approximately one-quarter mile away. There were no other pedestrians in the area and, upon seeing the police car, defendant ran across an athletic field and into the woods while looking furtively behind him. Based on the totality of the circumstances, the officer had reasonable suspicion to stop and detain defendant so that he could be returned to the crime scene for a showup (see, People v Small, 286 AD2d 513; People v Warren, 276 AD2d 505, lv denied 96 NY2d 764; People v Walker, 236 AD2d 491, lv denied 89 NY2d 1016).

Contrary to the further contention of defendant, the showup was not unduly suggestive because it was conducted before a group of four witnesses. Although "simultaneous showup procedures are generally disfavored * * *, they are permissible when, as in this case, they are employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification" (People

v Leon, 265 AD2d 344, 345, lv denied 94 NY2d 881; see, People v Cleon, 281 AD2d 554, lv denied 96 NY2d 899). There is no "allegation that the conduct of the police was in any way impermissibly suggestive" (People v Love, 57 NY2d 1023, 1025).

Defendant failed to preserve for our review his contention that the court did not adequately respond to the jury's request for supplemental instructions (see, People v Duncan, 46 NY2d 74, 80, rearg denied 46 NY2d 940, cert denied 442 US 910, rearg dismissed 56 NY2d 646; People v Marzug, 280 AD2d 974, 975-976, lv denied 96 NY2d 904; People v Vigliotti, 270 AD2d 904, 905, lv denied 95 NY2d 970). Defendant also failed to preserve for our review his contention that he was deprived of a fair trial by the prosecutor's comments on summation. Defendant either failed to object to the allegedly improper comments (see, People v Kidd, 265 AD2d 859, lv denied 94 NY2d 824) or he failed to explain the basis for his general objection to those comments (see, People v Tonge, 93 NY2d 838, 839-840; People v Antonio, 255 AD2d 449, 450, lv denied 93 NY2d 850; People v Oreckinto, 253 AD2d 896). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

We agree with defendant, however, that the court erred in overruling defendant's objection at sentencing to the prosecutor's unsupported allegations that defendant was involved in a series of other bank robberies and that, in sentencing defendant to the maximum sentence, the court appears to have taken those unsupported allegations into account. Although a court may consider uncharged crimes in sentencing a defendant, it "must assure itself that the information upon which it bases the sentence is reliable and accurate" (People v Outley, 80 NY2d 702, 712; see, People v Naranjo, 89 NY2d 1047, 1049; People v Styles, 285 AD2d 564), and here the court failed to do so. We therefore modify the judgment by vacating the sentence and we remit the matter to Monroe County Court for resentencing. Present—Wisner, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.