■ The People of the State of New York, Respondent, v Armand L. Baker, Appellant. [738 NYS2d 739] —Crew III, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered December 19, 2000, convicting defendant upon his plea of guilty of the crimes of intimidating a victim or witness in the third degree, menacing in the second degree and endangering the welfare of a child (two counts).

In satisfaction of a 12-count indictment, defendant entered a plea of guilty of intimidating a victim or witness in the third degree, menacing in the second degree and two counts of endangering the welfare of a child. Defendant waived his right to appeal and the People agreed to recommend a sentence of five years' probation with a further commitment that they would recommend no jail time. County Court specifically

warned defendant that it would make no sentencing commitment. Defendant subsequently was sentenced to a prison term of 1¹/₃ to 4 years on the felony and a one-year definite sentence on each of the misdemeanors, with two of the one-year terms to run concurrently and one to run consecutively to all other terms.

Defendant initially contends that the People failed to comply with the plea bargain at sentencing. We disagree. We read the parties' plea agreement as requiring the People's recommendation of a sentence of five years' probation without any incarceration. In reciting the plea agreement at sentencing, the People referred to their commitment to recommend five years' probation and did not recommend any incarceration. Inasmuch as the People refrained from recommending any incarceration, they complied with the plea agreement notwithstanding defendant's complaint that they did not specifically recommend "no jail time."

Defendant claims that County Court erred when, immediately prior to the imposition of sentence, it referred to the grand jury minutes as demonstrating that defendant had "committed unspeakable acts on [his] stepdaughter." Assuming that the claim survived defendant's waiver of the right to appeal and his failure to object at sentencing, we find the claim lacking in merit. It appears that the court's reference was intended to provide the context of the crimes to which defendant entered his plea. In any event, "[t]he sentencing court may properly consider evidence of other crimes for which the defendant was not tried provided the court is satisfied that 'the information upon which it bases the sentence is reliable and accurate' " (*People v Styles*, 285 AD2d 564, 564-565, quoting *People v Naranjo*, 89 NY2d 1047, 1049). We are of the view that the court could treat the grand jury minutes as reliable and accurate, and we find no merit to defendant's claim that the court's consideration of those minutes triggered his rights under the victim impact statement provisions of CPL 380.50.

Inasmuch as defendant bases his remaining claim of ineffective assistance of counsel upon defense counsel's failure to raise the foregoing claims, which we have found lacking in merit, the ineffective assistance of counsel claim also has no merit.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.