■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY SMITH, Appellant. [751 NYS2d 922] —Appeal from a judgment of Onondaga County Court (Fahey, J.), entered May 21, 2001, convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant contends that County Court deprived him of his right to due process in imposing an enhanced sentence upon determining that he had violated the conditions of his release pending sentencing. We reject that contention. At the time of his plea of guilty, defendant agreed to cooperate with police investigations pending sentencing, and the court advised defendant that, if he was "involved in any new criminal conduct, particularly [an]other drug offense," it would not be bound by the sentence promise of a term of imprisonment of 4 to 8 years. At sentencing, the prosecutor advised the court that defendant had been arrested a few days before sentencing for "conducting street level drug sales." The prosecutor further stated that a sale had been observed by a

police officer and that at least one of the buyers had advised the police that he had purchased drugs from defendant. Defense counsel advised the court that the buyer at issue had recanted his statement. Defendant admitted that he possessed crack cocaine but contended that he "was in temporary innocent possession" of it. At defendant's request, the court conducted an off-the-record discussion with defense counsel with respect to defendant's explanation of the events. The court then determined that defendant was not authorized to possess the crack cocaine and imposed an enhanced term of imprisonment of 6 to 12 years. We conclude that the court's inquiry was "of sufficient depth * * * so that the court [could] be satisfied * * * of the existence of a legitimate basis for the arrest on [the] charge" (*People v Outley,* 80 NY2d 702, 713) and that it properly assured "itself that the information upon which it base[d] the sentence [was] reliable and accurate" (*id.* at 712; *cf. People v Naranjo,* 89 NY2d 1047, 1049). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.