■ The People of the State of New York, Respondent, v Chad A. Dimmick, Appellant. [862 NYS2d 687]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered November 30, 2004. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of assault in the second degree (Penal Law § 120.05 [2]). Contrary to the contention of defendant, his waiver of the right to appeal was voluntarily, knowingly, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]), and that valid waiver encompasses defendant's challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Defendant further contends that he was denied due process at sentencing because County Court relied on biased, inaccurate information in the presentence report. We reject that contention inasmuch as the sentencing transcript establishes that the court did not rely on any materially untrue assumptions or misinformation in the presentence report (*cf. Townsend v Burke*, 334 US 736, 740-741 [1948]; *see generally People v Outley*, 80 NY2d 702, 712 [1993]). Further, defendant took advantage of the opportunity that he was afforded to refute any aggravating factors in the presentence report that may have negatively influenced the court (*see People v Perry*, 36 NY2d 114, 119 [1975]; *People v Harrington*, 3

AD3d 737, 739 [2004], *lv denied* 4 NY3d 887 [2005]). To the extent that the contention of defendant that he was denied effective assistance of counsel is not forfeited by the plea and survives the waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), it concerns matters outside the record and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Leno*, 21 AD3d 1399 [2005], *lv denied* 5 NY3d 883 [2005]; *People v Michalski*, 15 AD3d 918, 919 [2005], *lv denied* 5 NY3d 854, 6 NY3d 756 [2005], *cert denied* 547 US 1077 [2006], *reh denied* 547 US 1176 [2006]). Present—Hurlbutt, J.P., Smith, Lunn, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SIDES, Appellant. [859 NYS2d 890]—Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered June 29, 2005. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.