■ The People of the State of New York, Respondent, v Patrick J. Kennedy, Appellant. [904 NYS2d 577]—

Rose, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 8, 2008, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the seventh degree and two counts of endangering the welfare of a child.

Defendant's teenage daughters reported to a teacher and then to the police that they had observed conduct and found evidence indicating that defendant possessed and was using cocaine in their home. When police arrived at the home, they found defendant there with a known drug dealer. The police then searched the home and found the dealer's cocaine left in the chair in which he had been sitting, as well as cocaine residue and drug paraphernalia in various places around the house. Following a jury trial at which his daughters testified for the prosecution, defendant was found guilty of criminal possession of a controlled substance in the seventh degree and two counts of endangering the welfare of a child. County Court then sentenced defendant to three concurrent one-year terms in jail.

On his appeal, defendant argues that the evidence fails to prove his constructive possession of the cocaine residue and drug paraphernalia, and that they must have been left there by the drug dealer who had been at his home on prior occasions as well as on the day of his arrest. As for the counts of endangering the welfare of a child, defendant contends that the small amounts of residue on a drinking straw turned over to the police by his daughters and also found in various locations in his home do not establish that he acted knowingly and in a manner likely to cause injury to them.

To the extent that defendant challenges the sufficiency of the evidence, his argument is unpreserved for our review because he presented his own evidence at trial and, after the close of all proof, he did not renew his motion to dismiss (*see People v Kolupa*, 13 NY3d 786, 787 [2009]; *People v Lane*, 7 NY3d 888, 889 [2006]). "Nevertheless, since defendant also attacks the verdict as against the weight of the evidence, we will consider the evidence adduced as to each of the elements of the challenged crimes in the context of that review" (*People v Vargas*, 72 AD3d 1114, 1116 [2010] [citation omitted]). After evaluating the evidence in a neutral light, however, and according appropriate deference to the jury's credibility determinations, we conclude that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Barringer*, 54 AD3d 442, 443 [2008], *lv denied* 11 NY3d 830 [2008]).

At trial, defendant's daughters testified that he would sometimes go into his bedroom or the bathroom, lock the door and stuff a towel along the bottom of the door. The girls would then hear sniffing noises or smell strange odors emanating from the bathroom or bedroom. In addition, after defendant's daughters turned over the drinking straw containing cocaine residue, the search of defendant's home by police revealed cocaine residue on, among other places, the kitchen counter, a magnetic refrigerator card, another straw in a waste basket in defendant's bedroom, his YMCA card and his date book. Inasmuch as cocaine was found on items of personal property and in places not usually accessible to visitors, the jury could reasonably reject defendant's claim that all of the cocaine and drug paraphernalia found in the house were left there by the drug dealer and, instead, reasonably conclude that defendant had dominion and control over the areas where they were found (*see People v Vargas*, 72 AD3d at 1116-1117; *People v Echavarria*, 53 AD3d 859, 862 [2008], *lv denied* 11 NY3d 832 [2008]).

As for the charges of endangering the welfare of a child, they

turn upon the question of whether defendant had "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child" by having cocaine in his home (Penal Law § 260.10 [1]). The testimony of defendant's daughters established that they were aware of his cocaine use and were exposed to the residue and paraphernalia in waste baskets that they were assigned to empty and in other readily accessible areas of their home. Further, we note that defendant need only "be *aware* that the conduct may likely result in harm to a child, whether directed at the child or not" (*People v Johnson*, 95 NY2d 368, 372 [2000]). Given the jury's opportunity to observe the witnesses and determine their credibility, we conclude that the jury gave this evidence the weight it should have been accorded (*see People v Bleakley*, 69 NY2d at 495).

Finally, defendant contends that County Court improperly imposed maximum one-year jail terms despite his lack of a prior criminal record. The court did so, however, only after appropriately assessing all of the relevant factors and considering all of the information that it deemed " 'reliable and accurate' " (*People v Styles*, 285 AD2d 564, 564-565 [2001], quoting *People v Naranjo*, 89 NY2d 1047, 1049 [1997]; *see People v Outley*, 80 NY2d 702, 712 [1993]; *People v Baker*, 292 AD2d 644, 645 [2002], *lv denied* 98 NY2d 635 [2002]; *People v Deyo*, 222 AD2d 757, 758 [1995]), including the presentence report and the victims' impact statements made at sentencing (*see* CPL 380.50, 390.30; *People v Hemmings*, 2 NY3d 1, 6 [2004]; *People v Woodworth*, 278 AD2d 871 [2000], *lv denied* 96 NY2d 764 [2001]; *People v Oyola*, 215 AD2d 597, 597-598 [1995]). Finding neither an abuse of discretion nor extraordinary circumstances warranting modification, we will not disturb the sentence.

Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Broome County for further proceedings pursuant to CPL 460.50 (5).