■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAOMI J. MASON, Appellant. [918 NYS2d 271]—

Following an incident in which defendant's infant son was found to have a broken arm, defendant was charged with endangering the welfare of a child and publishing a false written statement. She pleaded guilty to these charges. Prior to the entry of her guilty plea, defendant was advised of the possible sentence that she could receive although no particular sentence was promised. Defendant was subsequently sentenced to consecutive terms of one year in jail for each crime. She now appeals.

Defendant asserts that her due process rights were violated because the prosecutor made reference to injuries suffered by the infant, other than the broken arm that is the subject of the crimes at issue, which were considered by Supreme Court. This argument is unpersuasive. The record reveals that the prosecutor made reference to the numerous injuries sustained by the infant that were disclosed during an abuse and neglect proceeding, to which the court was privy, and defense counsel acknowledged such injuries. Moreover, the presentence investigation report contained medical evidence substantiating the many injuries suffered by the infant and that they were caused by some type of child abuse. The circumstances establish that this information was reliable and accurate, and the court properly considered it (*see People v Kennedy*, 75 AD3d 766, 768 [2010], *lv*

*denied* 15 NY3d 853 [2010]; *People v Baker*, 292 AD2d 644, 645 [2002], *lv denied* 98 NY2d 635 [2002]).

Further, we do not find the sentence to be harsh or excessive. Defendant caused her defenseless infant son injury and then put her own interest above his by lying about it. In view of this, and given that no particular sentence was agreed to as part of the plea agreement, we find no abuse of discretion or any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Britt*, 283 AD2d 778, 781 [2001], *lv denied* 96 NY2d 916 [2001]).

Peters, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.