# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**928**

**KA 10-01916**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

RICKY BAKER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

ROBERT TUCKER, PALMYRA, FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (MELVIN BRESSLER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered April 1, 2010. The judgment convicted defendant, upon his plea of guilty, of misdemeanor driving while intoxicated.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) and, in appeal No. 2, he appeals from a judgment convicting him of arson in the second degree (Penal Law § 150.15) following a jury trial before the same County Court Judge who accepted the guilty plea in appeal No. 1. Contrary to defendant's contention in appeal No. 1, the court properly determined that the police officer had the requisite reasonable suspicion to believe that he had committed a traffic infraction or criminal offense and thus properly stopped defendant's vehicle. The evidence presented at the suppression hearing established that a "radio computer check revealed that the license plates on the [vehicle that] the police observed the defendant operating were in fact issued for [and reported stolen from another vehicle, and thus] there was ample justification for the stop of" defendant's vehicle (*People v Lassiter*, 161 AD2d 605, 605-606; *see generally People v Singleton*, 41 NY2d 402, 404). Despite defendant's further contention to the contrary, the record establishes that the officer correctly entered the license plate number when performing a record check on the license plate. In any event, even if the officer had accidentally entered an incorrect license plate number, "[a] mistake of fact . . . may be used to justify a [stop]" (*People v Smith*, 1 AD3d 965, 965; *see People v Jean-Pierre*, 47 AD3d 445, *lv denied* 10 NY3d 865).

We reject defendant's contention in appeal No. 2 that the evidence is legally insufficient to support the conviction of arson (*see generally People v Bleakley*, 69 NY2d 490, 495).  The People presented evidence establishing that defendant set an apartment building in his neighborhood on fire at approximately 3:30 A.M., that at least one other person who was not a participant in the crime was present in the building, and that "the circumstances [were] such as to render the presence of such a person therein a reasonable possibility" (Penal Law § 150.15).  Defendant's contention that there was no direct evidence establishing such circumstances is without merit.  Here, "[e]vidence . . . that 'circumstances [were] such as to render the presence of [another person who was not a participant in the crime inside the building] a reasonable possibility' may be inferred from both direct and circumstantial evidence" (*People v Regan*, 21 AD3d 1357, 1358, quoting § 150.15; *see generally People v Ozarowski*, 38 NY2d 481, 489-491).  The evidence, including the testimony of the individuals in the building at the time of the fire and the photographs of the building taken immediately after the fire, is legally sufficient to establish the existence of such circumstances (*see People v Lingle*, 34 AD3d 287, 288, *mod on other grounds* 10 NY3d 457; *People v Grassi*, 92 NY2d 695, 698, *rearg denied* 94 NY2d 900).  Furthermore, viewing the evidence in light of the elements of the crime of arson as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that the court erred in considering certain information in determining the sentence to be imposed for the arson conviction.  At the time of sentencing, the prosecutor contended that defendant was also responsible for setting another fire in defendant's neighborhood, which resulted in a fatality, and the prosecutor asked the court to consider that information in determining the sentence to be imposed for the arson conviction.  In denying defendant's objection to the reference by the prosecutor to the other fire, the court indicated that it would draw "proper" inferences from the information, and the court ultimately imposed the maximum sentence permissible for the arson conviction.

Although we do not address the length of the term of incarceration that was imposed, we nevertheless agree with defendant that the court erred in considering the other alleged fire, i.e., an uncharged crime, in determining the sentence for the arson conviction.  It is well settled that, "[a]lthough a court may consider uncharged crimes in sentencing a defendant, it 'must assure itself that the information upon which it bases the sentence is reliable and accurate' " (*People v Bratcher*, 291 AD2d 878, 879, *lv denied* 98 NY2d 673, quoting *People v Outley*, 80 NY2d 702, 712; *see People v Hansen*, 99 NY2d 339, 345; *People v Naranjo*, 89 NY2d 1047, 1049).  There is no indication in the record that the court ascertained the reliability of the information provided by the prosecutor, which was disputed by defendant and was not included in the presentence report or otherwise referenced in the record before us.  In addition, based on the record before us, we conclude that the sentence is illegal insofar as the period of postrelease supervision exceeds five years.  "Although

[that] issue was not raised before the [sentencing] court . . ., we cannot allow an [illegal] sentence to stand" (*People v Moore* [appeal No. 1], 78 AD3d 1658 [internal quotation marks omitted]; *see People v Gibson*, 52 AD3d 1227, 1227-1228). The maximum period of postrelease supervision that may be imposed upon a conviction of arson in the second degree is five years, absent any indication that the arson was sexually motivated (*see* Penal Law § 70.45 [2-a] [f]; § 70.80 [1] [a]; § 130.91 [1], [2]). Inasmuch as there is nothing in the record establishing such a motivation, we vacate the period of postrelease supervision as well. Unless the People establish that the arson was sexually motivated, the maximum period of postrelease supervision shall be five years. We therefore modify the judgment in appeal No. 2 by vacating the sentence imposed, and we remit the matter to County Court for resentencing.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court