# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

516

KA 13-01758

PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STEVEN C. MCKNIGHT, JR., ALSO KNOWN AS STEVEN C.
MCNIGHT, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered July 29, 2013. The judgment convicted
defendant, upon his plea of guilty, of attempted burglary in the
second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified as a matter of discretion in the interest of
justice and on the law by vacating the sentence imposed, and as
modified the judgment is affirmed, and the matter is remitted to
Genesee County Court for resentencing in accordance with the following
memorandum: In appeal No. 1, defendant appeals from a judgment
convicting him upon his plea of guilty of attempted burglary in the
second degree (Penal Law §§ 110.00, 140.25 [2]) arising from an
incident that occurred on December 14, 2011 and, in appeal No. 2, he
appeals from a judgment convicting him upon his plea of guilty of
attempted burglary in the second degree (§§ 110.00, 140.25 [2])
arising from a similar incident that occurred on December 15, 2011.
The convictions stem from defendant's involvement in a burglary ring
operated principally by his neighbor. Defendant contends in both
appeals that he was denied due process at sentencing because County
Court relied on materially untrue information pertaining to his
criminal history. We agree, and we therefore modify the judgment in
each appeal by vacating the sentence imposed and remit the matter to
County Court for resentencing before a different judge.

As a preliminary matter, we note that defendant did not waive his
right to appeal his conviction in appeal No. 1 and, to that extent,
there is no impediment to addressing his contention in that appeal.
In contrast, we further note that defendant waived his right to appeal
in appeal No. 2, and we conclude that such waiver was voluntarily,

knowingly, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256; *People v Brown*, 122 AD3d 133, 136-137, *lv denied* 24 NY3d 1042). We nevertheless address defendant's contention in appeal No. 2 because the waiver of the right to appeal therein does not encompass his challenge to the court's reliance on improper information at sentencing (*see People v Gibbons*, 101 AD3d 1615, 1616; *People v Dimmick*, 53 AD3d 1113, 1113, *lv denied* 11 NY3d 831; *see also People v Brown*, 83 AD3d 1577, 1577, *lv denied* 18 NY3d 992).

Although defendant's contention in both appeals is unpreserved for our review, we exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that the court erred in sentencing defendant on the basis of "materially untrue assumptions or misinformation" (*People v Naranjo*, 89 NY2d 1047, 1049 [internal quotation marks omitted]; *see People v Francis*, 100 AD3d 1017, 1017; *People v Baker*, 87 AD3d 1313, 1315, *lv denied* 18 NY3d 857; *People v Bratcher*, 291 AD2d 878, 879, *lv denied* 98 NY2d 673; *see generally People v Outley*, 80 NY2d 702, 712). Here, the court characterized defendant as having been involved in "more than 40 residential burglaries" and "all the tens of burglaries," but those statements are unsupported by the record and therefore constitute improper speculation (*see Baker*, 87 AD3d at 1315; *People v Wilson*, 303 AD2d 773, 773, *lv denied* 100 NY2d 589). Inasmuch as we conclude that "the court sentenced . . . defendant, in part, 'on the basis of materially untrue assumptions or misinformation,' . . . defendant was denied due process, and must be resentenced" before a different judge (*Francis*, 100 AD3d at 1017; *see generally Naranjo*, 89 NY2d at 1049). In light of our determination, we need not address defendant's remaining contentions.

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court