Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 29, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence imposed, and as modified the judgment is affirmed, and the matter is remitted to Genesee County Court for resentencing in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) arising from an incident that occurred on December 14, 2011 and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (§§ 110.00, 140.25 [2]) arising from a similar incident that occurred on December 15, 2011.
*1460 The convictions stem from defendant’s involvement in a burglary ring operated principally by his neighbor. Defendant contends in both appeals that he was denied due process at sentencing because County Court relied on materially untrue information pertaining to his criminal history. We agree, and we therefore modify the judgment in each appeal by vacating the sentence imposed and remit the matter to County Court for resentencing before a different judge.
As a preliminary matter, we note that defendant did not waive his right to appeal his conviction in appeal No. 1 and, to that extent, there is no impediment to addressing his contention in that appeal. In contrast, we further note that defendant waived his right to appeal in appeal No. 2, and we conclude that such waiver was voluntarily, knowingly, and intelligently entered (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Brown, 122 AD3d 133, 136-137 [2014], lv denied 24 NY3d 1042 [2014]). We nevertheless address defendant’s contention in appeal No. 2 because the waiver of the right to appeal therein does not encompass his challenge to the court’s reliance on improper information at sentencing (see People v Gibbons, 101 AD3d 1615, 1616 [2012]; People v Dimmick, 53 AD3d 1113, 1113 [2008], lv denied 11 NY3d 831 [2008]; see also People v Brown, 83 AD3d 1577, 1577 [2011], lv denied 18 NY3d 992 [2012]).
Although defendant’s contention in both appeals is unpreserved for our review, we exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and we conclude that the court erred in sentencing defendant on the basis of “materially untrue assumptions or misinformation” (People v Naranjo, 89 NY2d 1047, 1049 [1997] [internal quotation marks omitted]; see People v Francis, 100 AD3d 1017, 1017 [2012]; People v Baker, 87 AD3d 1313, 1315 [2011], lv denied 18 NY3d 857 [2011]; People v Bratcher, 291 AD2d 878, 879 [2002], lv denied 98 NY2d 673 [2002]; see generally People v Outley, 80 NY2d 702, 712 [1993]). Here, the court characterized defendant as having been involved in “more than 40 residential burglaries” and “all the tens of burglaries,” but those statements are unsupported by the record and therefore constitute improper speculation (see Baker, 87 AD3d at 1315; People v Wilson, 303 AD2d 773, 773 [2003], lv denied 100 NY2d 589 [2003]). Inasmuch as we conclude that “the court sentenced . . . defendant, in part, ‘on the basis of materially untrue assumptions or misinformation,’ . . . defendant was denied due process, and must be resentenced” before a different judge (Francis, 100 AD3d at 1017; see generally Naranjo, 89 NY2d at *1461 1049). In light of our determination, we need not address defendant’s remaining contentions.
Present — Centra, J.P., Carni, Sconiers, Valentino and Whalen, JJ.