*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    106548
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RAGIP PURISIC,
                        Appellant.
_____


Calendar Date:  June 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                        _____


        Mark Schneider, Plattsburgh, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Timothy G.
Blatchley of counsel), for respondent.

                        _____


McCarthy, J.P.

        Appeal from a judgment of the County Court of Clinton
County (Ryan, J.), rendered August 14, 2013, convicting defendant
upon his plea of guilty of the crimes of grand larceny in the
third degree (three counts), grand larceny in the fourth degree
(six counts), scheme to defraud in the first degree and petit
larceny.

        Defendant entered a guilty plea to all 11 counts of an
indictment stemming from his conduct in stealing $24,489.22 from
six individuals and one business, by accepting deposits for
construction work that he never performed.  No sentencing promise
was made.  County Court imposed an aggregate sentence of 5 to 15
years in prison, with restitution.  Defendant now appeals.

We affirm.  Initially, defendant argues that County Court based its sentencing decision on unreliable and speculative information, specifically on the People's argument at sentencing that defendant would not actually be deported despite these felony convictions because the country where he is a citizen no longer exists.  Defense counsel refuted this argument, indicating that he had consulted with defendant's immigration attorney who advised that defendant would face deportation.[1]  A review of the record indicates that County Court neither adopted the People's argument nor adopted defendant's argument as to whether, as a matter of fact, defendant would be deported.  Because the Court took no position on this contested factual issue, it could not have sentenced defendant on any "'materially untrue' facts or misinformation" (People v Hansen, 99 NY2d 339, 345 [2003], quoting People v Naranjo, 89 NY2d 1047, 1049 [1997]).

We similarly reject defendant's contentions that County Court erred by imposing consecutive sentences for the larcenies that comprised the scheme to defraud.  The indictment contains 10 counts of larceny related to defendant's theft of money from different victims on different dates between October 2006 and May 2008, and one count of scheme to defraud in the first degree for engaging in a systemic course of conduct during that same time period with intent to defraud more than one person or to obtain property by false or fraudulent pretenses (see Penal Law §§ 155.25, 155.30 [1]; 155.35, 190.65 [1] [b]).  The court grouped the grand larceny counts by victim, and imposed concurrent prison sentences for each group of larcenies, with each group to be served consecutively, but ordered the sentence on the scheme to defraud conviction to be served concurrently with all of the other counts.  Thus, the court did not impose the grand larceny sentences consecutively to the scheme to defraud sentence, and there was nothing improper in imposing consecutive sentences for each group of separate and distinct larcenies committed on different dates as to each victim (see Penal Law § 70.25 [2]; People v Salcedo, 92 NY2d 1019, 1021 [1998]).

---

[1]  Neither side submitted any legal authority to County Court on the issue of whether he will be deported.

        Finally, County Court took into consideration defendant's ultimate acceptance of responsibility, partial payment of restitution and other factors in mitigation of the sentence, which was far less than the maximum potential sentence. Given the protracted nature of defendant's crimes, and his later flight to avoid prosecution, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Monteiro, 93 AD3d 898, 900 [2012], lv denied 19 NY3d 964 [2012]).

        Egan Jr., Lynch and Devine, JJ., concur.



        ORDERED that the judgment is affirmed.




                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court