People v Chavies (2020 NY Slip Op 07910)





People v Chavies


2020 NY Slip Op 07910


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-02862
 (Ind. No. 151/17)

[*1]The People of the State of New York, respondent,
v
Jalal A. Chavies, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kristen A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered February 5, 2018, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to criminal sale of a controlled substance in the third degree and was thereafter sentenced as a second felony offender.
The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review since he did not move to withdraw the plea under CPL 220.60(3) or otherwise raise the issue before the County Court (see People v Chambers, 177 AD3d 645, 645). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Davis, 24 NY3d 1012, 1013; People v Chambers, 177 AD3d at 645-646). In any event, the defendant's plea allocution was factually sufficient and the record as a whole demonstrates that his plea of guilty was knowing, voluntary, and intelligent (see People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's contention that he was sentenced on the basis of materially untrue assumptions or misinformation (see People v Naranjo, 89 NY2d 1047, 1049) is without merit (see People v Marshall, 68 AD3d 1014, 1015) .
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court