People v Moore (2022 NY Slip Op 01847)





People v Moore


2022 NY Slip Op 01847


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

112071
[*1]The People of the State of New York, Respondent,
v
Shamell K. Moore, Appellant.

Calendar Date:February 8, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Colangelo and Ceresia, JJ.

Angela Kelley, Albany, for appellant.
Meagan K. Galligan, District Attorney, Monticello, for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 21, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of a three-count indictment with the understanding that he would be sentenced to a term of imprisonment of no more than nine years or less than 3½ years, to be followed by five years of postrelease supervision. Defendant also purportedly waived the right to appeal. County Court thereafter sentenced defendant to 4½ years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, the People concede, and we agree, that defendant's waiver of the right to appeal is invalid as the written waiver is overbroad in warning of an absolute bar to the pursuit of all potential remedies, and County Court's colloquy was not sufficient to cure this defect (see People v Lunan, 196 AD3d 969, 969-970 [2021]; People v Barrales, 179 AD3d 1313, 1314 [2020]). As a result, defendant's challenge to the severity of the sentence is not precluded. Nevertheless, the sentence is within the agreed-upon range and we discern no extraordinary circumstances or abuse of discretion warranting a modification of the sentence in the interest of justice (see People v Beach, 197 AD3d 1440, 1441 [2021]; People v Brito, 184 AD3d 900, 901 [2020]).
Defendant also contends that his right to due process was violated by certain remarks made by the prosecutor during the sentencing hearing. "Due process protections . . . are in play only if an offender is sentenced on the basis of 'materially untrue' facts or misinformation" (People v Hansen, 99 NY2d 339, 345 [2003], quoting People v Naranjo, 89 NY2d 1047, 1049 [1997]). Accordingly, "to comply with due process the sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate" (People v Naranjo, 89 NY2d at 1049 [internal quotation marks, brackets, ellipsis and citation omitted]; see People v Outley, 80 NY2d 702, 712 [1993]).
In advocating for a nine-year prison sentence, the prosecutor informed County Court during the sentencing hearing that, although defendant had no criminal record, interviews with police officers allegedly familiar with defendant revealed that "from the time that he was a child, [defendant] has been involved in various antisocial behaviors, including assaults, trespasses [and] mischiefs and . . . [that] he was a member of the Bloods, a street gang." The prosecutor also informed County Court that defendant was currently being investigated for his participation in a recent shooting. Defense counsel, seeking a sentence "closer to the minimum" of the sentencing range, objected to the prosecutor's remarks as unsubstantiated and inflammatory and requested that County Court strike them from the record. Although [*2]County Court denied the request to strike the prosecutor's remarks, the court disregarded them as "innuendo" and expressly relied on a balance between the facts surrounding the crime and the information contained in the presentence investigation report, including defendant's lack of a criminal record, his learning disability and his mental health issues. The court also cited defendant's "stellar good citizenship and behavior" while on pretrial release and his letter of recommendation in imposing a sentence that was one year longer than the statutory minimum. In light of the foregoing, the record does not support a finding that defendant's sentence was based upon materially untrue facts or misinformation so as to violate his right to due process (see People v Purisic, 130 AD3d 1095, 1096 [2015], lv denied 26 NY3d 970 [2015]; People v Andujar, 290 AD2d 654, 657 [2002], lv denied 98 NY2d 648 [2002]).
Finally, we reject defendant's contention that County Court abused its discretion in refusing to strike the prosecutor's remarks. Courts may consider reliable information concerning uncharged criminal conduct in sentencing a defendant (see People v Naranjo, 89 NY2d at 1049). Defendant was given an opportunity to contest the remarks and the court characterized them as merely "what the People suspect" and "innuendo." "[I]t was for the court to determine what bearing, if any, [the remarks] should have on the sentence to be imposed" (People v Brodus, 151 AD3d 1469, 1470 [2017]), and the court chose to disregard them as unreliable. To the extent that defendant argues that the unredacted remarks might cause prejudice to him in the future, we are satisfied that, by expressly disregarding the remarks in response to defendant's objection, the court prevented such prejudice (see People v Rogers, 156 AD3d 1350, 1350 [2017], lv denied 31 NY3d 986 [2018]; People v Serrano, 81 AD3d 753, 754 [2011], lv denied 17 NY3d 801 [2011]).
Garry, P.J., Egan Jr., Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.