People v Betsey-Jones (2022 NY Slip Op 01924)





People v Betsey-jones


2022 NY Slip Op 01924


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.


226 KA 20-00525

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAI BETSEY-JONES, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered August 20, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the omnibus motion seeking to suppress physical evidence and statements are granted, the indictment is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Contrary to defendant's contention, County Court properly determined that the initial stop of the vehicle that he was driving was lawful inasmuch as the police officer who made the stop had probable cause to believe that defendant had committed a traffic violation (see People v Robinson, 97 NY2d 341, 350 [2001]). That officer testified at the suppression hearing that he had entered the license plate number of the vehicle in a government database, and the database report revealed that the license plate was registered to a vehicle of a different color and make, which provided the requisite justification for the stop (see People v Lassiter, 161 AD2d 605, 605-606 [2d Dept 1990]; see also People v Baker, 87 AD3d 1313, 1314 [4th Dept 2011], lv denied 18 NY3d 857 [2011]).
We agree with defendant, however, that the justification for the officer's initial detention ceased once defendant showed the officer the temporary registration that had been issued for the vehicle and explained that the license plates on the vehicle had recently been transferred from another vehicle (see People v Banks, 85 NY2d 558, 562 [1995], cert denied 516 US 868 [1995]). We further conclude that the record does not support the court's determination that the circumstances following the initial stop provided the officer with probable cause to believe that defendant was violating Vehicle and Traffic Law § 507 (2) (see generally People v Hinshaw, 35 NY3d 427, 439 [2020]). Indeed, the record does not support the court's finding that, when defendant produced a learner's permit upon being asked to produce his driver's license, the officer asked defendant to exit the vehicle due to the lack of a valid driver's license. Thus, inasmuch as "the initial justification for seizing and detaining defendant . . . was exhausted" at the time of defendant's removal from the vehicle, the evidence seized during the ensuing search of defendant's person, as well as the statements that he made to the police thereafter, should have been suppressed (Banks, 85 NY2d at 562; see People v Milaski, 62 NY2d 147, 156 [1984]). As a result, defendant's guilty plea must be vacated and the indictment must be dismissed (see generally People v Finch, 137 AD3d 1653, 1655 [4th Dept 2016]).
In light of our determination, we do not address defendant's remaining contentions.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court