People v Worley (2022 NY Slip Op 04052)

People v Worley

2022 NY Slip Op 04052

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

111727
[*1]The People of the State of New York, Respondent,
v
Michael Worley, Appellant.

Calendar Date:May 20, 2022

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Shane A. Zoni, Public Defender, Hudson (Jessica Howser of counsel), for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.

Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered April 25, 2019, convicting defendant upon his plea of guilty of the crimes of assault in the second degree, obstructing governmental administration in the second degree (two counts), criminal impersonation in the second degree and criminal mischief in the fourth degree.
Following a traffic stop, defendant bit a state trooper on the leg, as a result of which defendant was indicted and charged with assault in the second degree, obstructing governmental administration in the second degree (two counts), criminal impersonation in the second degree and criminal mischief in the fourth degree. Defendant thereafter pleaded guilty to the entire indictment with the understanding that he would be sentenced to a prison term of 5½ years plus five years of postrelease supervision upon his conviction of assault in the second degree and to lesser, concurrent periods of incarceration upon the misdemeanor convictions. The plea agreement also required defendant to waive his right to appeal. County Court thereafter imposed the contemplated sentence, and this appeal ensued.
We agree with defendant that his waiver of the right to appeal is invalid (see People v Davis, 204 AD3d 1072, 1073-1074 [2022], lv denied ___ NY3d ___ [May 31, 2022]) and, therefore, his challenge to the perceived severity of his sentence is not precluded (see People v Moore, 203 AD3d 1401, 1401 [2022], lv denied ___ NY3d ___ [May 16, 2022]). That said, we do not find that the sentence imposed by County Court was unduly harsh or severe (see CPL 470.15 [6] [b]). As a second violent felony offender convicted of a class D felony (see Penal Law § 120.05 [3]), defendant was subject to a determinate term of imprisonment ranging from five to seven years (see Penal Law § 70.04 [3] [c]). Defendant received the agreed-upon prison term of 5½ years — only six months more than the minimum period of imprisonment that could have been imposed — and the record does not otherwise persuade us that corrective action in the interest of justice is warranted. Accordingly, the judgment of conviction is affirmed.
Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.