People v Awny (2024 NY Slip Op 04634)

People v Awny

2024 NY Slip Op 04634

Decided on September 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 26, 2024

108994 108995 108996
[*1]The People of the State of New York, Respondent,
v
Adam Awny, Appellant.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Donna Maria Lasher, Rock Hill, for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Powers, J.
Appeals (1) from a judgment of the County Court of Sullivan County (Frank J. LaBuda, J.), rendered September 6, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree, (2) from a judgment of said court, rendered September 6, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (3) from a judgment of said court, rendered September 6, 2016, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and criminal possession of a weapon in the second degree.
In full satisfaction of two indictments and a superior court information, defendant agreed to plead guilty to burglary in the second degree, criminal possession of a weapon in the second degree, criminal sale of a controlled substance in the third degree and criminal possession of stolen property in the fourth degree with the understanding that he would be sentenced to concurrent terms of imprisonment — the longest of which would be 10 years, to be followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Prior to the conclusion of the requested suppression hearing, defendant pleaded guilty in conformity with the proposed global disposition, and County Court imposed the agreed-upon sentence. This appeal ensued.
The People concede — and our review of the record confirms — that the waiver of the right to appeal is invalid. The written waiver executed by defendant purports to erect an absolute bar to appellate review, and County Court's terse oral colloquy was insufficient to cure the deficiencies therein (see People v Moore, 203 AD3d 1401, 1401 [3d Dept 2022], lv denied 38 NY3d 1034 [2022]; People v Jackson, 203 AD3d 1388, 1389 [3d Dept 2022], lv denied 38 NY3d 1134 [2022]). Accordingly, defendant's claim that law enforcement lacked probable cause for his arrest on the burglary and weapon charges is not precluded (see People v Crandall, 181 AD3d 1091, 1092 [3d Dept 2020], lv denied 35 NY3d 1026 [2020]). That said, defendant forfeited his right to appellate review of all claims related to his pending suppression motion by pleading guilty after the hearing had commenced but prior to a decision being rendered thereon (see People v Lende, 204 AD3d 1224, 1225 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]; People v Burks, 187 AD3d 1405, 1408 [3d Dept 2020], lv denied 36 NY3d 1095 [2021]; People v Nugent, 173 AD3d 1483, 1484 [3d Dept 2019]). Accordingly, defendant has forfeited the only argument he brings before this Court.
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgments are affirmed.