People v Loadholt (2025 NY Slip Op 00354)

People v Loadholt

2025 NY Slip Op 00354

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

CR-22-1901 CR-22-1902
[*1]The People of the State of New York, Respondent,
v
Christopher Loadholt, Appellant.

Calendar Date:January 3, 2025

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Jane M. Bloom, Monticello, for appellant.
Brian P. Conaty, District Attorney, Monticello (Thomas W. Raleigh of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Sullivan County (Frank LaBuda, J.), rendered July 27, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree, and (2) from a judgment of said court, rendered July 27, 2017, convicting defendant upon his plea of guilty of the crime of perjury in the second degree.
Defendant was charged in a three-count indictment with two counts of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the seventh degree. Defendant was later indicted and charged with perjury in the first degree based upon statements made before a grand jury. In full satisfaction of those instruments and other pending charges, defendant was afforded the opportunity to plead guilty to one count of criminal possession of a controlled substance in the third degree and the reduced count of perjury in the second degree with the understanding that he would be sentenced, as a second felony offender, to a prison term of 7½ years, to be followed by three years of postrelease supervision, upon the possession conviction and to a prison term of 1½ to 3 years upon the perjury conviction — said sentences to be served consecutively. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, County Court imposed the agreed-upon sentence and these appeals ensued.
We affirm. The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid. The written waivers executed by defendant contained overbroad language and purported to effect an absolute bar to appellate review, and County Court's oral waiver colloquy was insufficient to overcome the deficiencies in the written waivers (see People v Moore, 203 AD3d 1401, 1401 [3d Dept 2022], lv denied 38 NY3d 1034 [2022]; People v Jackson, 203 AD3d 1388, 1389 [3d Dept 2022], lv denied 38 NY3d 1134 [2022]; People v Beach, 197 AD3d 1440, 1440-1441 [3d Dept 2021]). In light of the invalid appeal waiver, defendant's challenge to the severity of his sentence is not precluded (see People v James, 231 AD3d 1435, 1436 [3d Dept 2024]). That said, upon reviewing the record as a whole, we do not find the consecutive sentences imposed to be either improper (see People v Williams, 51 AD3d 1141, 1145 [3d Dept 2008], lv denied 10 NY3d 965 [2008]) or unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to modify his sentence in the interest of justice (see CPL 470.15 [3] [c]).
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgments are affirmed.